[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#204) OF THE THIRD PARTY PLAINTIFFS, JOHN LOTTO AND MARIO BELLONE, JR.
On November 14, 1986, the plaintiffs, George Plaumann, Sr., Anita Plaumann, his wife, and George Plaumann, Jr., commenced a negligence action against the defendants, Mario Bellone, Jr., John Lotto, Club Soda Cafe, Inc. and others. The action alleged that the plaintiffs, George Plaumann, Sr. and George Plaumann, Jr. sustained serious injuries as a result of falling from a porch due to the negligence of the defendants. The defendants, Mario Bellone and John Lotto, d/b/a Club Soda Cafe, Inc., impleaded third party defendant Matthew Donofrio, d/b/a Kelly-Healey Company, by way of a third party complaint filed January 3, 1989, and a revised third party complaint on May 26, 1989.
The facts which follow are alleged in the three count revised third party complaint. The plaintiffs brought a negligence action against the third party plaintiffs in November 1986. Commencing in April 1984, the third party defendant was the insurance agent for the third party plaintiffs. In April or May 1986, the third party defendant notified the third party plaintiffs that their insurance was cancelled by their carrier. The third party defendant informed the third party plaintiffs that he would "take care of" the insurance problem. The insurance was never replaced. The first count of the revised third party complaint alleges negligent misrepresentation; the second count alleges breach of contract; and the third count alleges negligence.
The third party defendant filed an answer to the revised complaint on July 11, 1989. The third party plaintiffs filed a motion for summary judgment against the third party defendant on April 16, 1990. Filed in support of the motion was an affidavit of John Lotto and a memorandum of law. On June 1, 1990, the third party defendant, Matthew Donofrio, d/b/a Kelly-Healey Company, filed an objection to the motion for summary judgment. In support of the objection, the third party defendant filed a memorandum, his affidavit, two letters to the third party plaintiffs and a portion of his own deposition.
Discussion
"A motion for summary judgment may be granted by a trial court after it determines that there is no genuine issue of material fact remaining between the parties." Conn. Practice Bk. section 384.
"The party moving for summary judgment has the CT Page 1205 burden of showing the absence of any genuine issue as to all material facts, which under applicable principles of substantive law, entitled him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact."
Fogarty v. Rashaw, 193 Conn. 442, 445 (1984) [citing Dougherty v. Graham, 161 Conn. 248, 250 (1971)].
"The court must view the evidence in the light most favorable to the nonmovant." Nolan v. Borkowski, 206 Conn. 495,500 (1988).
In the present action, the third party plaintiffs argue in their memorandum in support and in John Lotto's affidavit that the third party defendant stated that he would take care of the lack of the third party plaintiff's insurance and that the third party plaintiffs relied on this statement to their detriment.
The third party defendant alleges, in his affidavit in opposition, that he attempted to obtain insurance for the third party plaintiffs, after informing them that they had none, but was unable to do so. The third party defendant, Mr. Donofrio, avers that he informed the third party plaintiffs twice in writing that there was no liability insurance on the premises.
"The issue of intent to agree is a question of fact for the trial court." North v. North, 183 Conn. 35, 38 (1981). "Whether and on what terms a contractual commitment has been undertaken are ultimately questions of fact. . . ." Rahmati v. Mehri, 188 Conn. 583, 587 (1982).
Based on the submissions in connection with the instant motion for summary judgment, there is a genuine issue of material fact as to whether or not the third party defendant agreed to insure the third party plaintiffs' establishment. Therefore, the third party plaintiffs' motion for summary judgment is denied.
So ordered.
HARTMERE, J.