[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants moved for summary judgment and, after argument, the motion was granted. Thereafter, the plaintiffs requested articulation and, after further argument, the motion for articulation was granted on the above date. The plaintiff Thomas V. McLaughlin, an attorney, and the plaintiff Joseph Gall, were officers, directors and sole shareholders of Galmac, Inc. a corporation organized pursuant to state law. In September, 1986, the corporation, through its agent, Peter J. McLaughlin, a licensed insurance agent, made application for liability coverage on certain rental property located in the City of Hartford. The named insured on the application was "Galmac, Inc." and the coverage was sought from an excess lines carrier which meant that the corporation was required to submit affidavits to the insurance commissioner stating that, due to the nature of the risk, at least three licensed insurers in the state had declined coverage on the subject property. The application listed the mailing address of the corporation as "c/o Atty. Thomas McLaughlin, 246 Church St., New Haven, CT 06051."
The defendants issued a policy to Galmac, Inc. for coverage from October 9, 1986 to October 9, 1987 in accordance with the application and the accompanying affidavits. The individual plaintiffs, McLaughlin an Gall, were at all times relevant to this action, the officers, directors and sole shareholders of Galmac, Inc. and, similarly, of a second corporation known as MacGall, Inc. which was dissolved in December, 1988 and whose successor in interest is the plaintiff, MacGall Associates Limited Partnership ("MacGall Associates"). The coverage provided by the defendants was set forth in General Liability Policy No. 6 CL 6 77 33 which was issued to "Galmac, Inc., c/o Atty. Thomas McLaughlin, 246 Church St., New Haven, CT 06051." Neither the plaintiffs nor any of their agents notified the defendants, prior to March 1, 1989, that the named insured on the policy was incorrect.
When the policy was to be renewed in October, 1987, it was again represented to a subsequent carrier as well as in the requisite affidavit to the Insurance Department, that the named insured was "Galmac, Inc., c/o Atty. Thomas McLaughlin 246 Church St. New Haven, Ct. 06051." (Defendants' Exhibit G). Galmac, Inc. is not a party to this action.
In October, 1988, two months prior to the dissolution of CT Page 8980 "MacGall, Inc.", the plaintiff Thomas V. McLaughlin was served with a summons and complaint entitled, "Valinda Oliver, et al. v. MacGall, Inc.," wherein it was alleged that on or about October 20, 1986, Valinda Oliver tripped and fell while on the premises located at 51-53 Bedford Street, Hartford, Connecticut, and, further, that said premises were owned by "MacGall, Inc." The ad damnum claimed damages of not less than $15,000, exclusive of interest and costs. McLaughlin forwarded the summons and complaint to McLaughlin Associates Insurance Agency on or about February 17, 1989. The agent immediately forwarded the documents to the defendant carriers named herein.
The defendants denied coverage under the policy since the named insured was not a defendant. The denial of coverage was stated verbally on March 1, 1989 to Thomas V. McLaughlin and confirmed in writing in a letter dated March 6, 1989. This action triggered a written response from McLaughlin Associates which stated that "Galmac, Inc. and MacGal Inc. are one in (sic) the same being owned by Thomas McLaughlin and Joseph Gall" and included a Commercial Policy Change Request to ". . . correct the named insured to read: Macgal, Inc." The request was dated March 15, 1989. The defendants decided to defend MacGall, Inc. under a reservation of rights until the issue of coverage under the policy was resolved. However, the plaintiffs refused this offer. (Defendants' Exhibit O).
On March 23, 1989, the plaintiffs, through their agent, Peter J. McLaughlin, requested that the defendants return the premium paid on the policy on the theory that if GalMac, Inc. did not have an insurable interest under the policy, then the premium was "unearned" since the owner of record of the premises was MacGall, Inc. The defendants stated that, if furnished with a copy of the deed by which MacGall, Inc. took title to the property, they would reform the policy pursuant to the Commercial Policy Change Request, thereby amending the policy to substitute MacGall, Inc. as named insured, and provide an unconditional defense of the Valinda Oliver claim. However, on May 26, 1989, the plaintiffs advised the defendants in writing that they no longer wanted an amended contract, preferring, instead, a refund of the $44,561.00 premium paid for the policy in 1986. The defendants maintained that the plaintiffs were not entitled to a refund. This action, made returnable to this court on August 22, 1989, ensued. The plaintiff Thomas V. McLaughlin negotiated a $7,500.00 settlement of the claims made in the Valinda Oliver complaint as evidenced by a release dated August 11, 1989. CT Page 8981 (Exhibit T).
The claim made by the plaintiffs in this action is that the defendants' refusal to refund the policy premium constitutes a conversion of property (the premium) rightfully belonging to the plaintiffs to the defendants' own use. This claim rests upon the assertion that because Galmac, Inc., the named insured on the policy, was not the owner of the insured premises, it had no insurable interest and, therefore, the policy was void. The application for coverage, (Exhibit C), was handwritten and the part requiring the naming of the applicant states, "Gall Mac, Inc.". The first two words were crossed out with three lines and replaced with the name, "galmac". The applicant's address was given as "c/o Atty. Thomas McLaughln, 246 Church St., New Haven, CT 06051."
A motion for summary judgment may be granted upon the showing of an absence of any genuine issue as to the material facts ". . . which under applicable principles of substantive law entitle [the moving party] to judgment as a matter of law." Fogarty v. Rashaw, 193 Conn. 442, 445 (1984), quoting Dougherty v. Graham, 161 Conn. 248, 250 (1971). ". . .[T]he court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict." Connell v. Connell, 214 Conn. 242, 246 (1990).
The subject property was inspected prior to issuance of the policy. The plaintiffs sent a memo (Plaintiffs' Exhibit K) to the defendants on March 13, 1989 which stated, in part, "Galmac, Inc. and MacGal Inc. are one in (sic) the same company being owned by Thomas McLaughlin Joseph Gall." Two days later, the plaintiffs sent the Commercial Policy Change Request noted earlier. The plaintiffs do not deny the fact that Galmac, Inc. requested and received a general liability policy for the subject property. Nor is there any dispute that the premium was paid for the period of coverage. The plaintiffs argue on the one hand that the defendants have wrongfully converted the premium they contend belonged to Galmac, Inc. while, on the other hand, they argue that, with respect to the subject property, "MacGall, Inc. sought liability insurance for its Hartford, Connecticut real estate. That was the consideration for which MacGall, Inc. had bargained." Left unanswered is the question when and with whom did MacGall, Inc. bargain for liability coverage on the subject property? CT Page 8982
Also unanswered is which of the corporations paid he insurance premium, Galmac, Inc. or MacGall, Inc.? Nowhere in the wealth of exhibits offered by the parties is there documentation of any cancelled corporate check evidencing payment of the premium. The plaintiff MacGall Associates Limited Partnership does not address the fact that its predecessor, MacGall, Inc., never made application for the insurance coverage. MacGall, Inc. became known to the defendants only after the policy expired and the corporation stated that there had been a misrepresentation as to ownership on the application and accompanying affidavits submitted when coverage was first sought.
The plaintiffs further ignore the fact that on March 15, 1989, they filed a Commercial Policy Change Request (Plaintiffs/Defendants Exhibit L) which stated the insured, "Galmac, Inc.", requested a change on the policy to show the "Named Insured" as "Macgal, Inc.", with the effective date of change as "10/9/86." That policy change request was neither denied by the defendants nor revoked in writing by the plaintiffs. Rather, plaintiffs argue that their insurance agent's written request, on March 23, 1989, for return of the premium must be considered a revocation of the policy change request. (Plaintiffs/Defendants Exhibit M). However, that request was clearly made on behalf of MacGal, Inc., a corporation separate and distinct from Galmac, Inc. which is not, of course, a party to this action and any arguments briefed on behalf of that corporation are not relevant to the motion for summary judgment.
The plaintiffs properly argue that Galmac, Inc. had no insurable interest in the subject property and as to the corporation, the policy issued by the defendants was "no more than a mere wager." See, Fuller et Ux v. Metropolitan Life Ins. Co., 70 Conn. 647 (1898). However, Fuller concerned tontine endowment policies and it held that "Courts of equity will not apportion the spoils of gamblers." Fuller, supra, at 676. Plaintiffs cannot rely on the courts to return the bets they place. Generally, it is an insurer that seeks advantage under a claim of lack of an insurable interest since public policy requires the existence of an insurable interest in order to prevent fraud and to avoid the making of wagering contracts where there is no actual economic interest in the subject which the law recognizes. See, 43 Am.Jur.2d, Insurance, 938, 939, 941. The plaintiffs cannot have it both ways, however. The arguments they make on behalf of Galmac, Inc., not a party in this action, CT Page 8983 are irrelevant. Such arguments tend to confuse the fact that the plaintiffs seek to recover a sum of money paid on behalf of Galmac, Inc. for an insurance policy to which the plaintiffs' were never privy. If there has been a wrongful conversion of plaintiffs' funds, it would appear that Galmac, Inc. is the entity to which they should turn.
This action was brought as a claim of wrongful conversion of funds, not as an action in equity seeking to void a policy. The plaintiffs alleged a conversion of funds; admitted, implicitly, a factual misrepresentation by a corporation (Galmac, Inc.) in its affidavits to the insurance commissioner and its application for liability coverage; and seek to have premiums returned to them from a party (the defendants) with whom they never contracted. The plaintiffs argue in their brief that a party to this action, "MacGall, Inc., paid the Defendants a $46,463.43 premium to undertake the risk of liability for real estate owned by MacGall, Inc., not Gallmac, Inc. . . . An agreement without consideration is a mere indulgence and is unenforceable." Plaintiffs Memorandum, at 9. While the legal principle quoted is correct, the factual assertion clearly never existed.
In deciding the motion for summary judgment, the court is limited to determining whether or not there are genuine issues of material fact to be tried. The exhibits and undisputed evidence presented in this matter are conclusive in deciding that no genuine issues of material fact exist for trial. The motion for summary judgment is granted.
BY THE COURT LEANDER C. GRAY, JUDGE