[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Raymond and Teresa Mesick, filed a revised complaint on October 10, 1990, alleging in a single count that the defendant, Theodore J. Raczka, was negligent in his examination of a title to certain real estate located in Middletown, Connecticut.
The complaint alleges that the plaintiffs contracted to buy land from Joseph Geer (not a party to the action). The plaintiffs selected Theodore J. Raczka, an attorney, to conduct the title search and closing. After receiving the warranty deed from the seller conveying 15.9 acres of land, the defendant delivered a certificate of title to the plaintiffs on July 19, 1979.
Some eight years later, the plaintiffs contracted to sell the same property to one Lawrence Curtis (not a party to this action). After signing the contract with Curtis, the plaintiffs CT Page 1266 retained a different attorney, Michael Esoian, to perform the closing. On September 15, 1987, Attorney Esoian, in conversation with the attorney retained by the buyer, Curtis, established that the chain of title reflected an error in the deed, in that the parcel contained only 5 acres, not the 15.9 acres originally relied upon. Citing this "cloud" over plaintiff's title, the contract between the plaintiffs and the buyer, Curtis, was rescinded.[1]
The plaintiffs have filed suit pursuant to Connecticut General Statutes 52-584. The plaintiffs seek the lost profit from the sale to Curtis in addition to certain survey and legal fees.
On January 23, 1991, the defendant filed an answer. By way of two special defenses, the defendant argues that: (1) the plaintiff's cause of action is barred by the statute of limitations, and (2) the plaintiffs knew or should have known the dimensions of the premises prior to the time they purchased the parcel, and as a result, the plaintiffs are now prevented by estoppel and/or waiver from asserting a claim against the defendant.
On November 23, 1992, the defendant filed a motion for summary judgment claiming that the action is barred because of the statute of limitations provision contained in General Statutes 52-584b.
As required by Practice Book 380, the defendant has timely filed a memorandum in support of its motion for summary judgment. The plaintiffs have timely filed a memorandum, and an accompanying affidavit, in opposition.
A motion for summary judgment shall be granted "`if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,402, 528 A.2d 805 (1987). A material fact is simply a fact which will make a difference in the result of the case. Genco v. Conn. Light Power Co., 7 Conn. App. 164, 167, 508 A.2d 58 (1986). The burden of proof is on the moving party. State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988). The facts presented must be viewed in the light most favorable to the party opposing the CT Page 1267 motion. Id. "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material act." Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984), quoting Dougherty v. Graham, 161 Conn. 248, 250,287 A.2d 382 (1971). Issue finding, rather than issue determination, is the key to the procedure. Yanow v. Teal Industries, Inc., 178 Conn. 262, 269, 422 A.2d 311 (1979).
The defendant, in its memorandum of law in support of the motion for summary judgment, argues that the instant action is barred by the applicable statute of limitations provisions contained in General Statutes 52-584b.
Section 52-584b states:
 52-584b. Limitation of actions against attorneys in connection with title certificates or opinions and title searches.
 Notwithstanding any provision of the general statutes, no action, whether in contract, tort or otherwise, against an attorney to recover for injury caused by negligence or by reckless or wanton misconduct in the preparation of and the execution and delivery of an attorney's title certificate or opinion, or the title search in connection therewith, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, except that no such action may be brought more than ten years from the date of such delivery. A counterclaim may he interposed in any such action any time before the pleadings in such action are finally closed. (1981, P.A. 81-32. Emphasis Added)
In this case the ten year period began to run on the date the title was delivered to the plaintiffs: July 19, 1979. The delivery date of July 19, 1979 is not only uncontroverted, but is CT Page 1268 further acknowledged in plaintiffs' affidavit of December 12, 1992, paragraph 5. Service was performed upon the defendant on August 29, 1989, more than ten years after the certificate of title was delivered to the plaintiffs. This fact, also uncontroverted, is corroborated by Sheriff's attestation contained in the record. However, plaintiffs' claim (also base on General Statutes 52-584b) is that an action may be brought against an attorney for negligence "within two years from the date when the injury is first sustained or discovered." The plaintiffs contend that they were first made aware of the discrepancy in the description on September 15, 1987, when Attorney Esoian was first apprised of the "defect" by the prospective buyer's attorney. It then followed that the plaintiffs believed that service must be effectuated upon the defendant by September 14, 1989. Plaintiffs argue that since actual service was effectuated upon the defendant on August 29, 1989, some two weeks before the maximum duration provided by General Statutes 52-584b, the instant action cannot be time barred as the defendant suggests.
Moreover, the plaintiffs contend that the ten year limitation period does not expire until April 22, 1990. The plaintiffs arrive at this conclusion by virtue of a letter addressed to the plaintiffs by the defendant dated April 22, 1980. The letter advised the plaintiffs of the reduction in their assessment after defendant appealed the property's assessment to the Board of Tax Review. In the letter the defendant stated that "if you should have any questions . . . please do not hesitate to call me." The plaintiffs, in their memorandum in opposition, contend that this language begets a "continuing duty to disclose" first, the alleged defect, and second, whether the defendant should have advised the plaintiffs on how to cure the problem so that their property could be sold. Therefore, the plaintiffs' action is predicated upon the defendant's continuing duty to disclose, and that the ten year period within which to sue the defendant did not begin to accrue until after April 22, 1980 (the defendant's letter of that date), and would not expire until April 22, 1990, well after the date service was effectuate upon the defendant.
The revised complaint does not contain any allegation that the defendant was burdened by a continuing duty to disclose a defect as it relates to the certificate of title, therefore, that issue is not before this court.[2]
CT Page 1269
The plaintiffs did not plead any facts nor offer any proof of any duty or breach of a duty that remained in existence after commission of the alleged wrong. The only evidence offered by the plaintiffs of any breach of a duty on behalf of the defendant are bare assertions of fact contained in plaintiffs' affidavit, which accuse the defendant of failing to not only disclose the error but advise the plaintiffs on how to cure the error, which it should be noted, plaintiffs performed pursuant to General Statutes 47-12a. Neither the letter of April 22, 1980 nor the brief tax assistance performed on behalf of the plaintiffs by the defendant, yield the type of "special relationship" between the parties which would give rise to a continuing duty.
The duty required on the defendant in performing the title search terminated with the delivery of the certificate of title on July 19, 1979. Therefore, the duty pursuant to Connell, supra, terminated prior to commencement of the period allowed or bringing an action, to wit September 15, 1987.
In viewing the evidence in the light most favorable to the plaintiffs, the clear repose portion of 52-584b bars the bringing of suit more than ten years after the alleged negligent conduct, therefore, summary judgment is granted in favor of the defendant.
Richard J. Stanley, Judge