[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
On September 7, 1993, the plaintiffs, Elvin Nazario Negron and Edward Nazario Negron, filed a one count complaint against the defendants, O.J. Thrall, Inc., Bonny Thrall and Angel Torres. The plaintiffs allege that on July 13, 1992, in the superior court in Ponce, Puerto Rico, the plaintiffs received a default judgment against the defendants and that judgment remains wholly unsatisfied. The plaintiffs seek to enforce this judgment against the defendants in Connecticut.
On October 18, 1993, the defendants filed a "Motion To Dismiss or In The Alternative For Summary Judgement" (#104, #105) on the ground that the superior court in Puerto Rico lacked personal jurisdiction over the defendants. The defendants filed a memorandum of law and an affidavit in support of their motion.
On November 3, 1993, the plaintiffs filed a motion for summary judgment (#106), arguing that there remain no genuine issues of material fact and that they are entitled to judgment on the complaint as a matter of law. In support of their motion for summary judgment, the plaintiffs filed a memorandum CT Page 3596 of law, affidavits, and other documentary evidence. The defendants filed a memorandum in opposition to the plaintiffs' summary judgment motion on November 21, 1993. On December 8, 1993, the plaintiffs filed a memorandum in opposition to the defendants' motion to dismiss and/or for summary judgment.
Defendants' Motion to Dismiss
Practice Book 143 states that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." The motion to dismiss is used to challenge the jurisdiction of the Connecticut Superior Court. In the present action, the defendants are challenging the personal jurisdiction of the superior court in Puerto Rico. The defendants have not challenged this court's personal jurisdiction over them in this matter. Therefore, the motion to dismiss on the ground that the superior court in Puerto Rico lacks personal jurisdiction is improper and accordingly, is denied.
Defendants' and Plaintiffs' Cross-Motions for Summary Judgment
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 380; Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989).
 The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.
(Citations omitted.) Dougherty v. Graham, 161 Conn. 248, 250,287 A.2d 382, 384 (1971). "The movant has the burden of CT Page 3597 showing the non-existence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 579,573 A.2d 699 (1990). The opposing party "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted.) Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). In reaching a decision on a summary judgment motion, the basic test employed by the court is whether the moving party would be entitled to a directed verdict on the same facts. See Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
The defendants argue, in support of their motion and in opposition to the plaintiffs' motion, that the superior court in Puerto Rico did not have personal jurisdiction over the defendants because there were not sufficient minimum contacts for the court to exercise long arm jurisdiction over them. Therefore, the defendants argue, the Connecticut court may not enforce the judgment of the court in Puerto Rico. The defendants have submitted the affidavit of Oliver J. Thrall stating that he had no contacts with Puerto Rico other than the circulation of a Department of Labor flyer with job listings for the defendants' shade tobacco farm in Connecticut.
The plaintiffs argue that the circulation of the flyer and the work done on behalf of the defendants by Puerto Rico's Department of Labor, in order to find applicants for the jobs listed, constitutes sufficient minimum contacts for the court in Puerto Rico to exercise long arm jurisdiction. The plaintiffs have also submitted the affidavits of the plaintiffs and Marcelino Perez, Monitor Advocate for the Connecticut Department of Labor, and other documents.
Issues of material fact remain as to the extent of the defendants' contacts with Puerto Rico regarding the defendants' employment of the plaintiffs. This court cannot say therefore as a matter of law that the judgment rendered in Puerto Rico is enforceable or unenforceable. A genuine issue of material fact exists as to whether there were sufficient minimum contacts for the superior court in Puerto Rico to exercise long arm jurisdiction over the defendants. CT Page 3598 Accordingly, the motions for summary judgment are denied.
Mary R. Hennessey, Judge