[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Lori Danise instituted this action by filing a three (3) count complaint (subsequently amended to set forth five (5)) wherein she claims damages arising out of an automobile accident occurring in Danbury. The first and second of the five (5) counts are directed against Budget Rent-A-Car of Westchester, Inc. (hereinafter "defendant"). In the first count, she recites that on May 15, 1988, Martin W. Martonik (hereafter "Martonik") was operating an automobile which CT Page 7204 ultimately collided with a tree, causing the injuries alleged including the loss of her right arm. She alleges that the automobile was owned by the defendant but leased to her mother, Mary C. Danise (hereafter "Danise"), under the terms of a written lease. She continues that when the accident occurred, the vehicle was being operated with the permission and consent of Danise and the defendant, and that Martonik was also operating the vehicle as a "family car" pursuant to Sec.52-182 of the General Statutes.[1] There is an additional allegation of liability under Sec. 14-154a. The second count incorporates the first and asserts a cause of action sounding in deliberate and reckless conduct.
The defendant has raised three (3) special defenses to which it recites: (1) that it is not liable to the plaintiff because Martonik was operating the vehicle without the express or implied permission of the defendant or Danise, and was therefore not in lawful possession of the vehicle at the time of the accident; (2) that Martonik's ability to operate the vehicle was substantially impaired by his consumption of large amounts of alcohol; and, (3) that the plaintiff's injuries were proximately caused by her own negligence in that plaintiff, until the time of the accident, had her right arm extended outside the open window located in the front passenger door.
The defendant has now moved for summary judgment relying upon its first special defense, alleging that since Martonik did not lawfully possess the vehicle pursuant to the terms of the rental contract, there can be no liability pursuant to Sec. 14-154a. Each has filed a substantial documentation in support of their and its positions.
A motion for summary judgment is ordinarily granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connell v.Colwell, 214 Conn. 242, 246, quoting Zichichiv. Middlesex Memorial Hospital, 204 Conn. 399, 402. "A material fact is simply a fact which will make a difference in the result of the case." Genco v. Connecticut Light PowerCo., 7 Conn. App. 164, 167. The burden of proof is on the moving party. The facts presented must be viewed in the light most favorable to the party opposing the motion. State v. Goggin,208 Conn. 606, 616. "`To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of any material fact.'" Fogarty v. Rashaw, 193 Conn. 442, 445, quoting Dougherty v. Graham, 161 Conn. 248, 250. CT Page 7205 Issue finding, rather than issue determination, is the key to the procedure. Yanow v. Teal Industries, Inc., 178 Conn. 262,269.[2]
Section 14-154a has consistently been construed as imposing on one who rents or leases a motor vehicle to another the same liabilityas that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental. By virtue of the express terms of the statute the owner-lessor is made the alter ego of the operator so that the latter's acts with respect to the operation of the car are in law the acts of the owner-lessor. Gionfriddo v.Avis Rent A Car System, Inc., 192 Conn. 280, 285-286.
The defendant, in its supporting memorandum, argues that Martonik was not in lawful possession of the vehicle at the time of the accident, and has attached the terms of the rental contract for the court's perusal. Paragraph four of the rental contract is captioned "Authorized Drivers" and states:
 In addition to renter, the vehicle may be driven by any Additional Driver who is named on the face of this agreement; by a licensed driver who is a member of renter's immediate family and permanently resides in Renter's household and who is twenty-one (21) or over; or by a licensed driver who is a business partner or fellow employee of Renter and is twenty-one (21) or over, where such driving is incidental to business duties. These are the only Authorized Drivers who may drive the Vehicle.
Deposition testimony of both the plaintiff and her mother has been offered to support its position that Martonik does not fall into any of the enumerated categories as set forth in paragraph four of the rental agreement which would otherwise elevate him to the status of an additional driver. However, deposition "testimony is ordinarily used for impeachment purposes and is not sufficient to support a motion for summary judgment. See Oberdick v. Allendale MutualIns., Superior Court, Judicial District of New Haven at New Haven, No. 283004 (August 25, 1993, Celotto, J.). Therefore, the deposition testimony offered by the defendant in support of its motion is not being considered by this court.
An affidavit of Steven A. Fisher, a customer service representative for the defendant, on May 11, 1988, has also been offered in support CT Page 7206 of its motion. Fisher states, in part, that "[o]n May 11, 1988 Mary Danise signed the contract, which stated that there would be no additional driver. . . . At no time was the name `Martin Martonik' mentioned as being an additional driver."[3] A second affiant, Christine Martonik, the daughter of Danise and the ex-wife of Martonik, states, in part, that:
 On May 11, 1988, through and including May 15, 1988, my ex-husband and I did not reside with my mother at her address . . . but rather at an apartment I rented.
 On May 11, 1988, my mother believed my ex-husband was in jail. I did not tell her that he had recently been released from jail, and she was not aware of his release or that he was living with me until after the accident in question.
 On May 15, 1988, knowing my mother was out-of-state, my ex-husband without authority, entered through an unlocked door to her home and took the keys to the rented automobile.
 Neither my ex-husband or I had any authority to use the rented automobile.[4]
The plaintiff, by contrast, argues in her opposition memorandum that there exists a "multitude" of genuine issues of material fact which are in dispute concerning the authority of Martonik to operate the vehicle pursuant to the terms of the rental contract. In support of her claim of multitudinous issues of material is an affidavit of Heidi Opinsky, her attorney. Attorney Opinsky incorporates by reference, among other things, a police incident report and an investigative memorandum conducted by an outside agency. The police incident report refers to Martonik's address as "25 Dodgingtown Road, Bethel, CT."[5] The investigative memorandum, signed by Martonik, states, in part, that "Tina's mother knew we had the car, she rented it for us to help us out."[6]
The rental contract attached to Mr. Fisher's affidavit refers to Danise's address as "25 Dodgingtown Road, Bethel, CT.," the same address stated in the incident report. Furthermore, the exhibits proffered both in support and in opposition to the defendant's motion are in direct conflict regarding the authority, whether express or implied, for Martonik to operate the vehicle in question. This court CT Page 7207 is constrained to find that there is indeed a genuine issue of material fact which precludes the defendant from obtaining a favorable ruling on the motion for summary judgment which must be and is, accordingly, denied.
Moraghan, J.