[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT NO. 104
By complaint dated August 26, 1994, the plaintiff, James E. Sullivan, the Administrator of the Estate of James P. Sullivan, seeks damages arising out of the August 29, 1992 shooting death of James P. Sullivan while he awaited the arrival of a train into a Norwalk train station.
The complaint is brought in two counts, with the first count CT Page 1771-III alleging negligence against the Metro-North Commuter Railroad Company ("Metro-North"). The second count alleges negligence against, inter alia, the City of Norwalk ("defendant"), in that the defendant failed (1) to patrol the area where the shooting occurred; (2) to provide adequate security; (3) to investigate promptly the reports of the shooting; (4) to warn James P. Sullivan of the likelihood and/or high risk of violent crime at the train station, (5) to maintain the area in and around the train station in a safe and secure manner; and (6) to provide adequate training and supervision to those who provided security at the train station.
On September 6, 1994, the defendant filed an answer. By way of four special defenses, the defendant alleges that (1) the plaintiff's action is barred by the operation of General Statutes, Sec. 52-555 and/or Sec. 52-584; (2) the plaintiff's decedent's injuries were caused by his own negligence warranting a reduction, pursuant to section 52-572h, in any liability attributable to the defendant; (3) the plaintiff's decedent's injuries were caused by the "negligence, carelessness recklessness, willful, intentional or wanton act of . . . Larone CT Page 1771-JJJ Hines, and the Defendant['s] . . . liability, if any, to be reduced or removed pursuant to CGS, Sec. 52-572h"; and (4) it is entitled to governmental immunity pursuant to both common law and section 52-557n.
On September 6, 1994, the defendant filed a motion for summary judgment based upon its first and fourth special defenses.[1] The defendant has filed a memorandum of law and the affidavit of Agnes Brien in support of its motion. The plaintiff has filed a memorandum of law in opposition to the defendant's motion. Thereafter, the defendant filed a supplemental memorandum of law in further support of its motion.
A motion for summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarezv. Dickmont Plastics Corp. , 229 Conn. 99, 105, 639 A.2d 507
(1994). "A material fact is simply a fact which will make a difference in the result of the case." Genco v. Connecticut Light Power Co., 7 Conn. App. 164, 167, 508 A.2d 58 (1986). "[T]he CT Page 1771-KKK burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion." State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250
(1988). "`To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of any material fact.'" Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984), quoting Dougherty v. Graham, 161 Conn. 248, 250,287 A.2d 382 (1971). "Issue finding, rather than issue determination, is the key to the procedure." Yanow v. Teal Industries, Inc.,178 Conn. 262, 269, 422 A.2d 311 (1979).
Statute of Limitations
General Statutes, Sec. 52-555 states:
 In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and CT Page 1771-LLL including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of.
In its supporting memorandum, the defendant postulates that since the plaintiff's complaint alleges that his decedent died on August 29, 1992, and since service of process was effectuated upon Agnes Brien, the Assistant City Clerk accepting for the defendant, on August 30, 1994, this action was not commenced within two years from the date of death and is therefore barred by the operation of section 52-555.
The defendant counters that he has filed a timely action pursuant to section 52-593a, which provides:
 (a) Except in the case of an appeal from an administrative agency governed by section 4-183, a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process CT Page 1771-MMM to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery.
 (b) In any such case the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this section.
"`[T]he legislature has specifically delineated a number of instances where the statute of limitations will be tolled.Beckenstein v. Potter Carrier, Inc., 191 Conn. 150, 160,464 A.2d 18 (1983), citing General Statutes, Sec. 52-592 through52-595." Thomas v. Nicola, Superior Court, Judicial District of New London at New London, No. 524494 (May 6, 1994, Austin, J.). "Although there is a two-year limitations period for negligence actions, 52-593a is a `statutory exception to the expiration of the limitations period.'" (Citation omitted.) Id. "`[T]he purpose of the statute is to insure that the process is received on time CT Page 1771-NNN by the officer.'" (Citation omitted.) Id. "In order to invoke the statute, the officer's return must contain his endorsement of the date upon which process was delivered to him for service." Kelly-Kroenv. Dock Street Associates, Superior Court, Judicial District of Stamford/Norwalk at Norwalk, No. 128559 (July 21, 1993, Lewis, J.).
In the present case, the plaintiff alleges that his decedent was repeatedly shot and killed on August 29, 1992. A review of the sheriff's return indicates that service was effectuated upon Agnes M. Brien on August 30, 1994. The affidavit of Brien filed in support of the defendant's motion corroborates this fact. However, a further review of the return indicates that the "foregoing Writ, Summons and Complaint was placed in my hands for service on August 29, 1994 pursuant to C.G.S. 52-593a." (Sheriff's Return, dated August 30, 1994.) Since the process in this case (1) was delivered to the sheriff's office within the time limited by law, (2) was served within fifteen days of that delivery, and (3) contained the requisite endorsement, the plaintiff can avail himself of the operation of section 52-593a, and the defendant is not entitled to judgment as a matter of law. CT Page 1771-OOO Therefore, the defendant's motion for summary judgment based on the statute of limitations defense is denied.[2]
Governmental Immunity
The defendant argues that it is entitled to governmental immunity in this case pursuant to both the common law and General Statutes, Sec. 52-557n(a)(2), which provides, in part, that:
 Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: . . . . (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct;
 or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.
As a preliminary matter, the plaintiff opposes this portion of the defendant's motion by requesting a stay pending the CT Page 1771-PPP conclusion of discovery because the plaintiff asserts that he "is unable to ascertain whether or not the governmental immunity defense is valid until it can explore the facts surrounding this incident through discovery." The plaintiff has also requested the same relief pursuant to a motion for extension of time filed on September 30, 1994.
This court will accede to the plaintiff's request with regard to that portion of the defendant's motion that relies upon the immunity defense. Therefore, the defendant's motion is denied, without prejudice, and the court orders that the plaintiff's discovery is to be completed no later than (60) sixty days after this decision is filed, provided that the defendant is not dilatory in responding to any reasonable request on behalf of the plaintiff.
Stodolink, J.