BRYON DOUGHERTY ET AL. *v.* ROBERT I. GRAHAM

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued April 13—decided June 2, 1971

*Andrew P. DeNuzze,* for the appellants (plaintiffs).

*Joseph F. Skelley, Jr.,* for the appellee (defendant).

SHAPIRO, J. This action was brought to the Superior Court on behalf of Bryon Dougherty, a minor, hereinafter referred to as the plaintiff, by his father to recover damages for personal injuries alleged to have been sustained on the defendant's land. The father, Daniel Dougherty, joined as a party to recover expenses allegedly incurred as a result of the

claimed injuries. On December 19, 1969, a substituted complaint sounding in negligence was filed. Among other things, the complaint alleged that on January 10, 1969, the minor plaintiff, while riding a toboggan on the defendant's property, known as Loper Hill, "struck a mound of dirt from an open trench at the bottom of Loper Hill causing the plaintiff to fall off his toboggan in mid-air and to land on his back on a dirt mound on the opposite side of the trench and to suffer" certain injuries; and that the defendant landowner, Robert I. Graham, was "negligent in maintaining an open trench surrounded by large mounds of dirt on his property when he knew or should have known that persons use his property for sliding and tobogganing." On January 2, 1970, the defendant filed an answer denying all allegations of negligence and alleged the special defenses of contributory negligence and assumption of risk. On July 8, 1970, the defendant filed a motion for summary judgment which recited that "there is no genuine issue of liability." This motion was accompanied by the defendant's own affidavit of June 4, 1970, a portion of the plaintiff's deposition of February 23, 1970, and a memorandum of law. On July 24, 1970, the plaintiff filed his own affidavit which was dated July 21, 1970. On July 24, 1970, the court also permitted the plaintiffs to file an amendment to their substituted complaint. The amendment to the complaint, in addition to repeating the aforementioned allegation of negligence, alleged, inter alia, that at the time of his accident, the plaintiff was sixteen years old and that the defendant "was negligent in failing to warn persons using his property of the hazard contained thereon." On August 10, 1970, the plaintiffs filed an affidavit of William Salvatore. Thereafter, after having

heard the parties, the court rendered summary judgment for the defendant. From this judgment, the plaintiffs have appealed.

"Summary judgment procedure is designed to dispose of actions in which there is no genuine issue as to any material fact." *Rathkopf* v. *Pearson,* 148 Conn. 260, 263, 170 A.2d 135. Summary judgment should be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 303. "In passing on the defendant's motion for summary judgment the trial court was limited to deciding whether an issue of fact existed, but it could not try that issue if it did exist." *Associates Discount Corporation* v. *Smith's Lincoln–Mercury Sales, Inc.,* 153 Conn. 176, 180, 214 A.2d 909. The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. *Plouffe* v. *New York, N.H. & H.R. Co.,* 160 Conn. 482, 488, 280 A.2d 359; 6 Moore, Federal Practice (2d Ed.) ¶ 56.15 [3]. "In order to oppose successfully a motion for summary judgment, the opposing party must recite facts in accordance with Practice Book § 300 which contradict those offered by the moving party. *Kasowitz* v. *Mutual Construction Co.,* 154 Conn. 607, 613, 228 A.2d 149." *Dorazio* v. *M. B. Foster Electric Co.,* 157 Conn. 226, 229, 253 A.2d 22.

The parties ask us to treat the plaintiff, as did the

trial court, as having the legal status of a licensee while on the defendant's property. This we do. We resort to the court's memorandum of decision to determine the basis of its decision to render summary judgment. The trial court found that the defendant did not breach any duty owing to the plaintiff. With this conclusion we agree.

Ordinarily, an owner of land owes no duty to a licensee to keep his premises in a safe condition, because the licensee must take the premises as he finds them, including any danger arising out of their condition. *Hennessey* v. *Hennessey,* 145 Conn. 211, 213, 140 A.2d 473; *Laube* v. *Stevenson,* 137 Conn. 469, 474, 78 A.2d 693. A possessor of land is liable for bodily harm caused to a gratuitous licensee by a natural or artificial condition thereon if, but only if, he: (a) knows of the condition, realizes that it involves an unreasonable risk to the licensee and has reason to believe that the licensee will not discover the condition or realize the risk, and (b) invites or permits the licensee to enter or remain on the land, without exercising reasonable care (1) to make the condition reasonably safe, or (2) to warn the licensee of the condition and the risk involved therein. *Bears* v. *Hovey,* 159 Conn. 358, 360–61, 269 A.2d 77; *Hennessey* v. *Hennessey,* supra; *Lubenow* v. *Cook,* 137 Conn. 611, 613, 79 A.2d 826; *Laube* v. *Stevenson,* supra; Restatement, 2 Torts § 342.

There is no dispute that at the time of his alleged accident the plaintiff was sixteen years old. His deposition recited the following facts: He parked his car and then he and William Salvatore entered the defendant's property. Prior to tobogganing down the hill, he saw a brook or a gully at the bottom of the hill. He and Salvatore tobogganed down a part of the hill near a snow fence because they

thought it would be a smoother ride. They passed by the gully. The plaintiff knew that an open gully ran all the way across the defendant's property but did not think the toboggan would reach it. "We didn't think we'd hit it. We didn't think we'd make it up to it. . . . We didn't think we'd make it up there to the full length." The plaintiff knew that there were mounds of dirt two-and-one-half or three feet high in front of the gully. Salvatore and he were not satisfied with the first ride because it was too slow. In order to have a faster ride, they moved towards the middle of the hill for their second ride. They started down the hill but hit a "ramp or something" and fell off the toboggan. The plaintiff also saw the gully and dirt piled in front of it on this second trip down the hill. Salvatore and the plaintiff again decided to change their route. On the third trip down the hill, the plaintiff was a passenger on the toboggan. Salvatore yelled that the toboggan was approaching the gully "so I [the plaintiff] stuck my feet out and he [Salvatore] put his feet out but we didn't stop in time."

From the deposition taken of the plaintiff, it is apparent that he knew of the condition which caused his injuries and appreciated its dangers. Thus, the trial court did not err in concluding that the defendant breached no duty owing to the plaintiff.

We make mention of one other matter. The plaintiffs argue in their brief that we should apply to their case the doctrine adopted in *Wolfe* v. *Rehbein,* 123 Conn. 110, 193 A. 608, and in *Greene* v. *DiFazio,* 148 Conn. 419, 171 A.2d 411. There, we adopted the rule stated in Restatement, 2 Torts § 339, which subjects the possessor of property to liability for harm caused to young children trespassing thereon by a condition which he maintains if: (a) he knows

or should know that young children are likely to trespass; (b) the condition is one of which he knows or should know and which he realizes or should realize involves an unreasonable risk of serious injury to such children; (c) the children because of their immaturity do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it; and (d) the utility to the possessor of maintaining the condition is slight as compared to the risk to the children. *Wolfe* v. *Rehbein,* supra, 113; *Greene* v. *DiFazio,* supra, 422. In *Moonan* v. *Clark Wellpoint Corporation,* 159 Conn. 178, 191, 268 A.2d 384, we stated that this rule also applies when a child is a licensee. Since our decision in the *Wolfe* case and in the *Greene* case, the Restatement (Second) has been issued. Some changes have been made in the phraseology of § 339. One of these changes is that § 339 is no longer limited to "young" children so long as "the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it." Restatement (Second), 2 Torts § 339 and comment c.

The rule which the plaintiffs seek to apply to their case has no application for the following reasons: (1) It is obvious that the plaintiff knew of the condition and appreciated the hazard but was mistaken in his judgment as to how far and how fast the toboggan would go; (2) as already stated, as the matter was presented to the trial court, there does not remain a question of fact indicating that the plaintiff did not discover the condition which caused his injuries or failed to realize the risk involved.

There is no error.

In this opinion the other judges concurred.