[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant Supermarkets General Corporation moves for summary judgment on the second count wherein the plaintiff-husband, who is approximately five feet five inches in height and weighs 200 pounds, seeks to recover damages for injuries he sustained when he attempted to lift his wife of the same height CT Page 3507 and weight who fell as a result of the alleged negligence of the defendant. The defendant claims that the plaintiff-husband's cause of action must fail because under the "rescue doctrine" the rescuer must reasonably be fearful that the party who he seeks to aid would be injured if he failed to act. Zimny v. Cooper-Jarrett, Inc.,8 Conn. App. 407, 416 n. 2 (1986). The plaintiff-husband in his deposition conceded that he was not fearful that his wife was in imminent danger or peril lying on the floor.
The defendant, however, misconstrues the plaintiff-husband's cause of action. It is not predicated on the "rescue doctrine" which is a rule that is applicable only in determining whether the rescuer's contributory negligence is to be excused.[1] Cote v. Palmer,127 Conn. 321, 326 (1940). Rather, the plaintiff-husband's cause of action is based upon the alleged negligent conduct of the defendant. It is well established that the tortfeasor is liable for damages caused as a result of injuries sustained by one who comes to the aid of his victim. Justice Cardozo in his landmark decision of "[d]anger invites rescue" in Wagner v. International R. Co., 232 N.Y. 176, 180, 133 N.E. 437
(1921) held: "The cry of distress is the summons to relief. The law does not ignore these reactions of the mind in tracing conduct to its consequences. It recognizes them as normal. It places their effects within the range of the natural and probable. The wrong that imperils life is a wrong to the imperilled victim; it is a wrong also to his rescuer. The state that leaves an opening in a bridge is liable to the child that falls into the stream, but liable also to the parent who plunges to its aid . . . . The railroad company whose train approaches without signal is a wrongdoer toward the traveller surprised between the rails, but a wrongdoer also to the bystander who drags him from the path . . . . The risk of rescue, if only it be not wanton, is born of the occasion. The emergency begets the man. The wrongdoer may not have foreseen the coming of a deliverer. He is accountable as if he had . . . ." (Citations omitted.) Although the anticipation of a rescuer "unduly strains the limitation of the `foreseeable risk', these cases were formerly regarded as an exception to the rule, or at least a considerable extension of it." Prosser and Keeton on Torts, 43, p. 288 (5th ed. 1984); F. Harper, F. James, Jr. O. Gray, The Law of Torts, 20.5, n. 41 (2nd ed. 1986).
Surely, if the defendant's negligence was the cause of the plaintiff wife's fall, then the duty owed to the wife, under the facts of this case, should be extended to the husband in his attempt to lift his wife from the floor. Although the husband may not have been fearful that his wife was in any danger lying on the floor after she fell, she was crying and hysterically asking for help to pick her up from the floor. The jury could reasonably conclude that the plaintiff feared for his wife's emotional well being. "The party moving for summary judgment has the burden of CT Page 3508 showing the absence of any genuine issue as to all material facts, which under applicable principles of substantive law, entitled him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Dougherty v. Graham, 161 Conn. 248, 250
(1971).
Even if this court, on a motion for summary judgment, could determine the issues of whether the plaintiff-husband was contributorily negligent; and, if so, whether the contributory negligence was excused under the "rescue doctrine"; and, if not, whether his negligence was greater than that of the defendant which would preclude comparative negligence; see Zimny v. Cooper-Jarrett, Inc., supra; all of which this court is of the opinion it could not; see Fogarty v. Rashaw, 193 Conn. 442, 445 (1984); the defendant makes no specific claim in his supporting documentation that the plaintiff-husband was contributorily negligent except for vague references to the height and weight of both the plaintiffs. Whether a five foot five inch husband weighing 200 pounds is contributorily negligent as a result of his attempts to lift from the floor of a supermarket his five foot five inch wife weighing 200 pounds is an issue for the jury.
Accordingly, the defendant's motion for summary judgment is denied.
Robert I. Berdon, Judge
FOOTNOTE