[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court in plaintiff's motion for summary judgment.
Plaintiff was a passenger and allegedly was injured when the car in which she was riding was struck in the rear by a vehicle owned by the State of Connecticut.
A court may appropriately grant a motion for summary judgment only where the documents submitted in support thereof demonstrate that there is no genuine issue of material fact remaining and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book Section 384; Catz v. Rubenstein, 201 Conn. 39, 48 (1986). The burden of demonstrating the propriety of summary adjudication is always on the moving party. Mingachos v. CBS, Inc., 196 Conn. 91, 111
(1985). "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445 (1984), quoting Dougherty v. Graham, 161 Conn. 248, 250 (1971).
Pursuant to Connecticut Practice Book Section 380: "A motion for summary judgment shall be supported by such documents as may be appropriate, including, but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Connecticut Practice Book Section 381 provides, in pertinent part, that "(s)upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."
Plaintiff's affidavit has attached to it a police report reciting her version of the accident. The pertinent language of said affidavit is as follows:
 "On December 14, 1988 at approximately 3:00 p.m., I was a passenger in an automobile operated by my husband, John Bogush, in a southerly direction on Interstate Route I-95 in Old Saybrook, Connecticut. . . .(M)y husband was in the right lane of travel on I-95 and as he slowed his automobile in a line of southbound traffic, we were struck from CT Page 3027 behind by a southbound vehicle operated by Charles Delaney and then owned by the defendant State of Connecticut. The said Charles Delaney told the investigating police officer that he did not notice that my husband had slowed his vehicle in a line of southbound traffic and that it was for that reason he struck our vehicle in the rear, see "Exhibit A" attached hereto. . . ."
The police report upon which the plaintiff relies in her affidavit is obviously hearsay and, as such, would be inadmissible. See Fogarty v. Rashaw, 193 Conn. 442, 444
(1984). Also, Connecticut Practice Book Section 380-381.
Connecticut courts have traditionally not favored summary adjudication in negligence cases.
Having failed to sustain her burden of showing an absence of any genuine issue of fact, the Court denies plaintiff's motion for summary judgment.
MIHALAKOS, J.