[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 9, 1989, the plaintiff, Robert S. DiCosmo, filed a two count complaint asserting the negligence of the defendants, the City of Bridgeport and Southern Connecticut Gas Company ("SCGC"). The plaintiff alleged that on August 25, 1987, while he was walking on a road located in the City of Bridgeport, he injured himself when he stepped in a hole allegedly under the control of SCGC and that his injuries were caused by the negligence of the defendants in allowing the road and the hole to fall into a state of disrepair.
SCGC filed an answer on April 5, 1989, and the City of Bridgeport filed an answer on April 21, 1989. On December 4, 1989, SCGC filed a third-party complaint against third-party defendant Bridgeport Hydraulic Company ("BHC") which alleged that BHC maintained a water valve box at the location where the plaintiff claimed he was injured and that BHC was negligent in maintaining the condition of the road where the valve box was located.
On December 18, 1989, SCGC filed a motion for summary judgement as to the second count of the plaintiff's complaint, claiming that it did not maintain an accessibility connection at or near the area where the plaintiff allegedly was injured and could not be responsible for any dangerous condition at that CT Page 7948 location. The plaintiff filed an objection to this motion on January 17, 1990. In a memorandum of decision dated September 28, 1990, the court (Jones, J.) denied SCGC's motion, finding that "although defendant SCG has filed documentary evidence in support of its motion, such evidence does not exclude any real doubt as to the existence of a genuine issue of material fact, namely, who maintains the accessibility connection."
On November 30, 1990, SCGC filed a revised third-party complaint against third-party defendant BHC in which it detailed its specifications of BHC's alleged negligence. On or about December 17, 1990, BHC answered the third-party complaint and denied both any negligence or that it maintained a water valve box at the location where the plaintiff was injured.
On December 17, 1992, SCGC filed another motion for summary judgment as to the second count of the plaintiff's complaint, a memorandum in support of its motion, and exhibits. SCGC again claims that "there can be no dispute that SCGC does not own or maintains the valve cover in question." The plaintiff filed an objection to SCGC's second motion and a memorandum in opposition, with attached exhibits, on December 24, 1992. The plaintiff filed another objection to SCGC's motion, along with additional exhibits, in a document dated June 28, 1993.[1]
The test for a summary judgment motion is "whether a party would be entitled to a directed verdict on the same facts." (Citation omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). Summary judgment is appropriate only if the pleadings and other proof submitted in connection with the motion "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. E.g. Gurliacci v. Mayer, 218 Conn. 531, 561, 590 A.2d 14 (1991).
The burden is on the moving party to show "the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy its burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. [Citation omitted.]" Dougherty v. Graham,161 Conn. 248, 250, 287 A.2d 382 (1971). Because the burden of proof is on the movant, the nonmovant is given the benefit of all favorable inferences that can be drawn. Evans Products Co. v. CT Page 7949 Clinton Building Supply, Inc., 174 Conn. 512, 516, 391 A.2d 156
(1978). When ruling on a motion for summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. [Citation omitted]." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988).
In support of this motion for summary judgment SCGC asserts that "there can be no dispute that SCGC does not own or maintains the valve cover in question." SCGC maintains that statements made by the plaintiff in his deposition coupled with statements in Csom's affidavit to the effect that if the valve cover is marked "water" it belongs to the third party defendant BHC confirm that SCGC does not own or maintain the valve cover. The plaintiff, on the other hand, argues that BHC has not admitted that it owned or maintained a water valve box at the location where the plaintiff was allegedly injured and has denied that it maintained any dangerous and defective condition in the area where the valve box is located. This court cannot and will not resolve this dispute on a motion for summary judgment.
Indeed, even if the ownership or maintenance of a particular valve cover was not disputed in this case, that does not mean that SCGC would be entitled to judgment as a matter of law. The plaintiff has alleged in his complaint that he fell in a hole, approximately 8 inches wide and 3 inches deep, at a particular location in the roadway. See Complaint 8, 9, 10. The plaintiff has also alleged that at the time he fell SCGC kept and maintained pipes under the roadway with accessibility connections to the street. Id. 2. Furthermore, the plaintiff stated in his deposition that the hole in question did not have on it any valve cap, including any labeled "water," at the time that he tripped.
This case, therefore, remains in essentially the same posture it was in when the first motion for summary judgment was denied. SCGC has not shown the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, would entitle it to judgment as a matter of law. Accordingly, the motion for summary judgment is denied.
LINDA K. LAGER, JUDGE