[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding was initiated on January 14, 1993, when Grace W. Perkins, filed an amended four count complaint sounding, inter alia, in a demand for a temporary and permanent injunction prohibiting Arthur Fasig ("Arthur"), CT Page 2197 Theresa Fasig ("Theresa"), Cheryl Fasig ("Cheryl"), and Terri-Ann Fasig McLaughlin ("Terry-Ann") from entering upon her premises. The first of the four counts alleges that the plaintiff is the owner of a parcel of land known as Lot Nos. 16 and 17 in "Lake Ridge" located in New Fairfield. She includes the legal description of the premises, and asserts that the defendants entered unlawfully upon her land in 1992, causing stakes to be planted in the ground and causing damage to her garden. The second sets forth the defendants' claim of estates or interests in land which are adverse to her title and she claims a judgment determining the rights of the parties to the land in dispute.
The third asserts that she and her predecessors in title, "have used and enjoyed the premises described in Paragraph 1 . . . for more than fifteen (15) years prior to the commencement of this action and such use and possession has been at all times open, visible, notorious, adverse, exclusive, continuous, uninterrupted, under a claim of right and without license or consent of the purported owner, and the plaintiff . . . now has sole and exclusive title to said premises." Finally, the fourth reiterates the allegations as contained in the preceding count, however, the legal description has been amended to include the language "[i]ntending hereby to include within the area hereinbefore described the paved driveway and lawn area surrounding said driveway."
The defendants have responded to the complaint on June 7, 1993, and also filed a counterclaim in three counts. The first is brought by Arthur and alleges that he is the absolute owner of real property known as Lot No. 33 in "Lake Ridge," located in New Fairfield, and that the plaintiff claims an interest in land adverse to his title. The second sets forth the claim of the defendant Terry-Ann, who alleges that she also owns real property known as Lot No. 35 in "Lake Ridge" located in New Fairfield, and that the plaintiff purports to own a portion of real property known as "Spinning Wheel Lane." She continues by declaring that when the property was conveyed by the common grantors to the plaintiff's predecessors in interest, no public road was available to allow for ingress or egress except for the land known as "Spinning Wheel Lane," and that unless she is allowed to use the land designated as "Spinning Wheel Lane," she will be without access from her land to or from any public highway. She concludes by saying CT Page 2198 that the plaintiff now seeks to enjoin her use of the easement and way of necessity across land known as "Spinning Wheel Lane". The third and last count contains the allegations of the defendant, Cheryl, and recites that she owns real property known as Lot No. 34 in "Lake Ridge" located in New Fairfield, and that she, too, unless she is allowed to use "Spinning Wheel Lane," will be without access from her land to or from any public highway.
The collective prayer for relief, inter alia, is for: (1) a decree declaring that Terry-Ann and Cheryl have easements and ways of necessity over "Spinning Wheel Lane"; (2) an injunction preventing plaintiff from denying ingress and egress to the defendants or the defendants/successors in title over "Spinning Wheel Lane"; and (3) a decree affirming that "Spinning Wheel Lane" is owned in fee simple by Arthur. The parties (the plaintiff and defendants, Terry-Ann and Cheryl) have filed cross motions for summary judgment with the requisite documentation.
A motion for summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connell v. Colwell, 214 Conn. 242, 246, quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 402. A material fact is simply a fact which will make a difference in the result of the case. Genco v. Connecticut Light Power Co.,7 Conn. App. 164, 167. The burden of proof is on the moving party. The facts presented must be viewed in the light most favorable to the party opposing the motion. State v. Goggin,208 Conn. 606, 616. "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442,445, quoting Dougherty v. Graham, 161 Conn. 248, 250. Issue finding, rather than issue determination, is the key to the procedure. Yanow v. Teal Industries, Inc., 178 Conn. 262,269.
In their memorandum of law in support of their motion for summary judgment, the defendants state that, the plaintiff claims ownership of lots 16 and 17, and a portion of "Spinning Wheel Lane." They also assert that they own lots 34 and 35 in the same subdivision, and that these lots front on "Spinning CT Page 2199 Wheel Lane," and that prior to the conveyance of any lots within the Lake Ridge subdivision, Charles Carlson, the developer, recorded restrictions on the parcels included in the development. The last paragraph of these restrictions prohibit the closure of any streets upon which lots fronted, and that those restrictions reserved to lot owners fronting on the streets an irrevocable right of passage. They continue by arguing in conclusion that they have an implied easement and an easement by necessity over "Spinning Wheel Lane" as a means of ingress and egress to the respective lots 34 and 35.
The court will begin by speaking to the motion for summary judgment addressed to the second and third counts of the amended counterclaim and its theories of an implied easement and an easement of necessity. "An implied easement is typically found when land in one ownership is divided into separately owned parts by a conveyance, and at the time of the conveyance a permanent servitude exists as to one part of the property in favor of another which servitude is reasonably necessary for the fair enjoyment of the latter property . . . .
There are two principal factors to be examined in determining whether an easement by implication has arisen: (1) the intention of the parties; and (2) whether the easement is reasonably necessary for the use and normal enjoyment of the dominant estate." Kenny v. Dwyer, 16 Conn. App. 58, 64.
"`It is well . . . recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions.'" Nolan v. Borkowski, 206 Conn. 495, 505, quoting Batick v. Seymour, 186 Conn. 632, 646-47. In addition, "implied easements are disfavored in Connecticut and `are allowed to a very much more limited extent than in many other states.'" Kenny v. Dwyer, supra, 65, citing to Gager v. Carlson,146 Conn. 288, 293. Since the existence of an implied easement involves an examination of a parties intent, a question of fact is raised as to whether or not the defendants have acquired an implied easement of passage over "Spinning Wheel Lane."
"[A]n easement by necessity will be imposed where a conveyance by the grantor leaves the grantee with a parcel inaccessible save over the lands of the grantor, or where the CT Page 2200 grantor retains an adjoining parcel which he can reach only through the lands conveyed to the grantee. . . . [T]o fulfill the element of necessity, the law may be satisfied with less than the absolute need of the party claiming the right of way. The necessity need only be a reasonable one. Hollywyle Assn., Inc. v. Hollister, 164 Conn. 389, 398-399. The element of necessity is dependent on the nature of the property, the situation of the parties, and other surrounding circumstances and arises as a result of objective necessity rather than as a result of the deeds. Hollywyle Assn., Inc. v. Hollister, supra, 401. Thus, the terms "necessity" and "reasonable enjoyment" can have no fixed meaning. Robinson v. Clapp,65 Conn. 365, 387. An easement must be used reasonably. The issue of reasonableness is a question of fact to be determined on a case by case basis, considering all of the relevant circumstances, including such factors as whether the utility of the use of the land outweighed the gravity of the harm resulting. Peterson v. Oxford, 189 Conn. 740, 745. "It is . . . a question of fact whether such necessity exists as would entitle a party to an easement by necessity." C.J.S., Easements, Sec. 71.
The defendants claim as previously see forth that they are entitled to an easement by necessity to pass and repass over "Spinning Wheel Lane." The foregoing scenario frames an obvious genuine issue of material fact as to whether or not the defendants are not only entitled to an easement by necessity, but to an easement by implication as well. Consequently, the defendants motion for summary judgment as to the second and third counts of the defendants' amended counterclaim must be and is denied.
In her memorandum in support of her cross-motion for summary judgment, the plaintiff argues that since there is no genuine issue of material fact as to plaintiff's alleged fee simple ownership of Lot No. 17 and a portion of "Spinning Wheel Lane," summary judgment should enter in her favor on the second count of her amended complaint. The defendants have appended an affidavit of Thomas Riccio, the President of Riccio Associates, Inc. to their motion. Riccio Associates is a Connecticut Corporation providing title opinions for real estate located in the State of Connecticut. Riccio incorporates by reference a letter under date of September 2, 1993 addressed to defense counsel which letter reads, in part: "In reviewing title to the lots first mentioned I find no CT Page 2201 problem with any of the chains of title except those of Lot # 17 and Lot # 18. There is a serious defect in the description contained in the initial deed from Carlson . . . This deed, although it refers to Lot #17 describes a portion of the area designated as Spinning Wheel Lane and `proposed road.' The question which immediately comes to mind in whether the lot was to be conveyed, the fee to the roadway was to be conveyed or both. Later in the chain of title on this lot . . . the description was purportedly corrected. Query, whiz wasn't corrected deed obtained from Mabel Carlson who was still alive at the time. Later in the chain an affidavit is recorded . . . This attempts to explain away the original problem as the result of a scriveners error by the Town Clerk's office." This letter became highly relevant when incorporated as mentioned in Riccio's affidavit of December 6, 1993.
An affidavit of Jay Patrick, a self-employed title examiner is appended to the plaintiff's affidavit and he incorporates the affidavit of Gerald J. Daly, and the exhibits annexed thereto. The Daly affidavit is the same one as referred to in the Riccio affidavit and purports to explain away the alleged scriveners error. Mr. Daly states on June 24, 1992, that the person who presently owns the premises described herein is Grace W. Perkins. This affidavit is made for the purpose of correcting the ambiguity of the description in the "transcribed description" in the deed recorded. The rival affidavits put into issue both the grantor's intent, and the ownership of a portion of "Spinning Wheel Lane" as well.
In addition, the plaintiff alleges, in part, in the second count of her amended complaint that "[t]he Defendants' claim estates or interests in the land or parts thereof, which are adverse to the title of the Plaintiff." Adverse possession is a question of fact. See Wildwood Associates, Ltd. v. Esposito, 211 Conn. 36, 43.
The respective motions for summary judgment are, accordingly, denied.
Moraghan, J. CT Page 2202