[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT NO. 144
On May 10, 1993, the plaintiff, Rosemary Boecker, Administratrix of the Estate of Jessica Boecker, filed a four count substitute complaint seeking damages arising out of a motor vehicle accident involving her decedent, Jessica Boecker.[1]
The first count of the complaint alleges that on June 29, 1991, the plaintiff's decedent was a passenger in a motor vehicle that was struck head-on by another motor vehicle owned and operated by Ronald Esposito. The plaintiff alleges, inter alia, that the fatal injuries and losses suffered by her decedent were caused by the carelessness and negligence of Esposito. Additionally, the plaintiff alleges that Esposito violated sections 14-222, 14-230, 14-231, 14-232, and14-242 of the Connecticut General Statutes.
The second and third counts incorporate the factual allegations as set forth in the first count and further allege that Esposito acted with reckless disregard for the safety of others, in violation of either those same statutory sections referenced to in count one or in violation of section 14-295.
The fourth count is directed against the defendants, Moses Matsebula and Mary Lynn Morse. That count alleges that the motor vehicle in which the plaintiff's decedent was a passenger was owned by Morse and was being operated by Matsebula as the servant, agent and/or employee of Morse at the time of the collision. The plaintiff alleges that the fatal injuries and losses suffered by her decedent were caused by the carelessness and recklessness of Matsebula.
On June 3 and July 13, 1993, Matsebula and Morse filed their respective answers.
On December 27, 1994, Matsebula and Morse ("defendants") filed a motion for summary judgment on the ground that there exists no evidence that reveals that defendant Matsebula was negligent. The defendants have filed a memorandum of law and an affidavit of Morse in support of their motion. The defendants have also filed the deposition testimony of Esposito and Morse, and copies of statements of Linda Schweitzer, an alleged eyewitness, in further support of their motion. The plaintiff has filed a memorandum of law in opposition.
A motion for summary judgment shall be granted "`if the CT Page 1798 pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994). "A material fact is simply a fact which will make a difference in the result of the case." Genco v. Connecticut Light Power Co., 7 Conn. App. 164, 167, 508 A.2d 58 (1986). "[T]he burden of proof is on the moving party. . . ." State v. Goggin,208 Conn. 606, 616, 546 A.2d 250 (1988). "[T]he facts presented must be viewed in the light most favorable to the party opposing the motion." Id. "`To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984), quoting Dougherty v. Graham, 161 Conn. 248, 250,287 A.2d 382 (1971). "Issue finding, rather than issue determination, is the key to the procedure." Yanow v. TealIndustries, Inc., 178 Conn. 262, 269, 422 A.2d 311 (1979).
At the outset, it should be noted that the arguments contained in the supporting memoranda submitted by both parties are based almost entirely upon references to the deposition testimony of Esposito and/or Morse. Furthermore, both parties have attached uncertified copies of excerpts of the deposition testimony of Esposito and/or Morse in further support of their respective motions. However, "uncertified copies of excerpts of deposition transcripts are not admissible as evidence and do not comply with the requirements of Practice Book 380." Oberdick v.Allendale Mutual Insurance, 9 Conn. L. Rptr. 607, 608 (September 27, 1993, Celotto, J.). Therefore, the quoted excerpts of deposition testimony as set forth in both memoranda, and also the deposition testimony of both Esposito and defendant Morse, cannot be considered by the court in evaluating this motion for summary judgment. The copies of the statements of eyewitness Schweitzer suffer from the same fatal flaw and, therefore, cannot be considered by the court for purposes of this motion.
In their supporting memorandum, the defendants postulate that "[i]t is undisputed Matsebula was confronted with a sudden emergency he did not create and there was nothing he could have done to avoid the accident." The defendants argue that since there is no evidence to suggest that Matsebula "failed to do anything which a reasonable person would have done under the circumstances or that he did something which a reasonable person would not have done under the circumstances," summary judgment CT Page 1799 should enter in their favor.
The plaintiff counters that she has alleged that defendant Matsebula failed to keep a proper lookout and failed to keep his vehicle under proper control, which allegations present an issue of fact to be decided by the jury.
The only evidentiary item proffered by either party that the court can consider in deciding the defendants' motion is the supporting affidavit of Morse, which is replete with the chronology of events on the date of the accident, which defendant Morse avers demonstrates the type of emergency situation that defendant Matsebula did not create. Notwithstanding Morse's affidavit, "`[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.'" Fogarty v. Rashaw, supra, 446. The supporting affidavit of Morse fails to resolve the questions of fact with regard to whether defendant Matsebula met the requisite standard of care under the circumstances. Therefore, the defendants' motion for summary judgment is denied.
Stodolink, J.