[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding is drawn in six (6) counts and sounds in professional negligence. The second count, which is the target of this motion for summary judgment, alleges that the plaintiff (hereafter "Carol") was being treated by the defendant from September, 1981, through August, 1990. During that period, she recites that the defendant was negligent in that, inter alia, he failed to properly diagnose and treat her and that she "did not discover or in the exercise of reasonable care should have discovered such injury or cause of action until after May, 1991." The defendant has filed three special defenses, the last of which asserts that Carol's action is barred by the operation of General Statutes, Sec. 52-584.
A motion for summary judgment should be granted if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Barrettv. Danbury Hospital, 232 Conn. 242, 250. A material fact is simply a fact which will make a difference in the result of the case. Genco v. Connecticut Light Power Co., 7 Conn. App. 164,167. Issue finding, rather than issue determination, is the key to the procedure. Yanow v. Teal Industries, Inc., 178 Conn. 262,269. The burden of proof is on the moving party. State v. Goggin,208 Conn. 606, 616. To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Fogarty v. Rashaw, 193 Conn. 442, 445, quotingDougherty v. Graham, 161 Conn. 248, 250. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Barrett v. DanburyHospital, supra.
The defendant initially maintains that Carol's last treatment date was July 30, 1990. He relies upon his attached billing record, the plaintiff's deposition testimony and statements made in his own affidavit to establish this contention. That date, he CT Page 6519 alleges, is the date when she "was aware of the alleged injury and of the causation." The defendant further maintains that she stated that she was "injured" from "late 1984 to July 1990" and relies upon her interrogatory responses and her deposition testimony. He concludes by arguing that "even assuming any and all alleged negligence occurred during that last day of treatment, the latest possible point in time for the statute of limitations to begin running would be July 30, 1990." The action was commenced on August 6, 1992, and since more than two years have passed between the last day of treatment and the date upon which this action was instituted, it is barred under Sec. 52-584
of the General Statutes.[1]
Carol acknowledges that she and her entire family have been treated by the defendant for several years. However, she maintains that on August 24, 1990, she began treatment with a psychologist who advised her that the treatment she received from the defendant was inadequate and inappropriate. She claims that she did not, nor could she have known, that she suffered "actionable harm" until after August 24, 1990, and therefore her action commenced on August 6, 1992 is not time barred.
Both parties have filed uncertified copies of excerpts of Carol's deposition testimony, which are inadmissible and do not comport with Sec. 380 of the Practice Book. See Oberdick v.Allendale Mutual Insurance, 9 Conn. L. Rptr. 607, 608 (September 27, 1993, Celotto, J.). Consequently, those excerpts will not be considered by the court in evaluating the defendant's motion. The same problem effects the copies of the interrogatory responses, the defendant's billing statement and the copy of the letter addressed to the defendant from the plaintiff and David Smith. None of them was sworn to nor certified. They will not, therefore, be considered.
The use of the term "injury" in Sec. 52-584 refers to some form of actionable harm. The statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof. Merly v. State, 211 Conn. 199, 206. "A plaintiff discovers that she has suffered `some form of actionable harm' when she first becomes aware of facts tending to show that the defendant is legally liable to pay her damages for that harm." Thus, though she need not then be aware of the full extent of any harm she has suffered, or of the precise legal theory on which an action seeking to recover damages for that harm may be maintained, she must at least be aware of facts CT Page 6520 tending to establish all the essential elements of a valid cause of action based on the defendant's causation of that harm."Muchler v. Sokolowski, Superior Court, Judicial District Of Hartford/New Britain at Hartford, No. 381804 (January 13, 1994, Sheldon, J.).
The defendant has submitted an affidavit in which he states, in relevant part, that:
 I rendered psychological therapy to CAROL SMITH between September 1981 and July 30, 1990. I have not rendered any psychological therapy to CAROL SMITH since July 30, 1990. . . . I was sued by CAROL SMITH for the psychological therapy which I rendered to her between September, 1981 and July 30, 1990.
Carol's opposing affidavit, recites that:
 I treated with Bruce S. Meier, Ph.D. as his patient from 1981 through the last day of treatment on July 30, 1990. I testified at my deposition based on the way the questions were asked that I knew I was injured in July 1990, in 1989, in 1988 and earlier. I meant by injured that I felt emotional pain; I felt nothing was going right in my life or with my family; I didn't like the way therapy was progressing; and I felt the therapy wasn't effective. Dr. Meier always told me that the purpose of the treatment was to use this pain, the status of our relationships, and the stress and injury to ultimately alleviate all this pain and injury. I believed him. . . . I first went to see another psychologist, Robert Kruger, Ph.D., on August 24, 1990. I first learned from that psychologist Robert Kruger, Ph.D. that Dr. Meier had failed to properly diagnose me. I first learned from Dr. Robert Kruger that Dr. Meier failed to properly treat me according to his diagnosis.
A comparison of the these affidavits discloses a genuine issue of material fact as to when Carol discovered that the defendant's alleged negligence caused her injury. See Muchler v.Sokolowski, supra. On the admissible evidence placed before the court, a jury could find that the "actionable harm" attributable to the defendant occurred on August 24, 1990. This proceeding was commenced on August 6, 1992, and was filed within the statutory time period provided for in Sec. 52-584. The motion for summary judgment is, accordingly, denied.
Moraghan, J. CT Page 6521