[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #108
This case is before the court on Defendant Town of Wallingford's motion for summary judgment as to count two of the amended complaint.
The plaintiff, Charles Clark, commenced this action against the defendants, Town of Wallingford (Town) and R.L. Rogers, Inc., for injuries he sustained as a result of the defendant's alleged negligence in the maintenance of the Wallingford Resource Recovery Project Landfill (Landfill). The plaintiff's amended complaint is in three counts. The second count is directed towards the Town of Wallingford and alleges that the Town owned, operated, controlled and maintained the Landfill.
On January 24, 1995, the Town filed a motion for summary judgment on the second count of the plaintiff's amended complaint claiming that there is no genuine issue of material fact for trial CT Page 6425 as it relates to the second count. In support of its motion the defendant has submitted the following documents: 1) copy of the lease agreement between the Town and the Connecticut Resources Recovery Authority (Authority); 2) affidavit of Henry McCully; and 3) a memorandum of law. The plaintiff opposes summary judgment and has submitted a memorandum in opposition to the motion.
Practice Book § 384, provides that "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Water WayProperties v. Colt's Mfg. Co., 230 Conn. 660, 664, A.2d (1994).
"A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990).
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993).
"It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water Way Properties v. Colt's Mfg.Co., 230 Conn. 660, 665, A.2d (1994). "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1989), quoting Dougherty v. Graham,161 Conn. 248, 250, 287 A.2d 382 (1971).
"[S]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Internal quotations omitted.) Brookfield v. Candlewood ShoresEstates, Inc., 201 Conn. 1, 9, 513 A.2d 1218 (1986).
The Town claims that it had leased the premises to the CT Page 6426 Connecticut Resources Recovery Authority (Authority) and R. L. Rogers, Inc., prior to the plaintiff's accident and is therefore not liable for the plaintiff's accident.
The plaintiff, Charles Clark, argues that summary judgment is not appropriate since the Town owned and/or controlled and/or managed the Landfill at the time of the accident and continued to use the property even after the effective lease date. Therefore, the plaintiff posits, there exists a genuine issue as to whether the Town was in fact in control of the premises on the date of the accident. The plaintiff further argues that the affidavit submitted in support of the Town's motion is insufficient in that it lacks specificity with respect whether to the area leased contained the area or location of the plaintiff's accident.
The Town has submitted an affidavit from Henry McCully, Director of Public Works, stating that the Town leased the Landfill to the Authority in 1985, thereby surrendering possession and control of the Landfill. The Town has also submitted the lease agreement between the Town and the Authority. However, the McCully affidavit fails to specify the exact area that was leased to the Authority. It also fails to specify the area that the plaintiff's accident occurred in and whether such area is the same area that the Town purports to have leased to the Authority. In reviewing the affidavit, it is difficult to ascertain whether his references are to the same area that the plaintiff's complaint identify as the accident site. It is also unclear as to whether the entire Landfill was leased to the authority or only a portion thereof. Additionally, the lease indicates that the Town reserved the right to use an area of the aforesaid premises. Therefore there exists a question as to whether the Town had in fact relinquished all possession and control of the premises on the date of the accident.
The court believes that genuine issues of material fact exist with respect to ownership and/or control of the landfill area where the plaintiff was injured. Therefore, defendant Town of Wallingford's motion for summary judgment is denied.
Skolnick, J.