[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS RE: MOTION AND CROSS MOTION FOR SUMMARY JUDGMENT
The plaintiff seeks damages for the defendant's failure to pay property taxes pursuant to a lease between the parties. In his Motion for Summary Judgment, he claims that no genuine issue exists as to any material fact and that accordingly judgment should enter in his favor. The defendant opposes the motion and contemporaneously moves for summary judgment in its favor[1].
The followings facts are not in dispute:
1. On or about April 30, 1985, the defendant leased from the plaintiff premises located at 44 Capitol Avenue, Hartford, Connecticut pursuant to a written lease. The term of the lease was five years with an option to extend for one additional term of five years.
2. Paragraph 25 of the lease provides in part:
 The LESSEE shall pay as additional rent one hundred (100%) percent of any real property tax increases on the leased property located at 44 Capitol Avenue, Hartford, Connecticut during the CT Page 11202 term of occupancy above the taxes levied on such property on the first Hartford Grand List following the property being one hundred percent (100%) assessed, (which 100% assessment shall be the assessment of the property renovated as provided for herein and also being fully occupied), . . .
 Also, the LESSEE shall be relieved of all liability for increased taxes unless the LESSOR gives written notice by certified mail to the Department of Administrative Services Commissioner of any pending increase in sufficient time to permit the LESSEE on behalf of the LESSOR to contest such increase if the Commissioner determines it to be appropriate. Furthermore, in the event of any increase in the assessment for real property taxes on the subject premises, the LESSOR shall give written notice by certified mail to the Department of Administrative Services Commissioner of such increase within ten (10) days of notice to the LESSOR of said increase; and if the LESSOR does not so notify the Department of Administrative Services Commissioner, the LESSEE shall be relieved of all liability for increased taxes related to such increase in assessment.
* * * *
 Following payment by the LESSOR of any tax for which the LESSOR is entitled to a reimbursement as hereinbefore provided, the LESSOR must present a copy of the receipted tax bill to the Department of Administrative Services Commissioner no later than ninety days after the due date for the payment of the last installment of the tax in order to be entitled to reimbursement.
 The LESSOR'S failure to apply for reimbursement within the time herein specified shall terminate any responsibility of the LESSEE to make reimbursement.
3. By a letter dated June 8, 1992, the plaintiff received notice from the City of Hartford that from 1989 through 1992 there were tax increases on the subject premises totaling $125,057.88.
4. By letter dated June 25, 1992, the plaintiff notified the defendant of these tax increases.
5. The plaintiff did not pay the tax increases owed to the City of Hartford for these premises, and never sent the defendant a receipted tax bill for these increases. CT Page 11203
6. The parties interpret the contract to require payment of the tax increases by the plaintiff as a condition precedent to the defendant's obligation to pay those tax increases.
7. The plaintiff is insolvent and was in June 1992.
 I Discussion
The plaintiff argues that, as a matter of law, the plaintiff should be excused from performing the condition precedent of presenting a receipted tax bill because of the City of Hartford's failure to notify the plaintiff of the tax increases in a timely manner. He further argues that the defendant remains obligated to pay the tax increases as additional rent despite the plaintiff's nonperformance. In opposition to the motion and in support of its own summary judgment motion, the defendant argues that as a matter of law the plaintiff was not excused from performing this condition precedent so that the defendant is not obligated to pay the additional rent.
Roban Realty, Inc. v. Faile, 13 Conn. App. 584, 590 (1988).
The pertinent lease provision reads:
 Following payment by the LESSOR of any tax for which the LESSOR is entitled to a reimbursement as hereinbefore provided, the LESSOR must present a copy of the receipted tax bill to the Department of Administrative Services Commissioner no later than ninety days after the due date for the payment of the last installment of the tax in order to be entitled to reimbursement.
 The LESSOR'S failure to apply for reimbursement within the time herein specified shall terminate any responsibility of the LESSEE to make reimbursement.
The issue before this court raises a potential conflict between two principles of contract law.
 . . . the law of contracts supports the principle that contracts should be enforced as written, and that contracting parties are bound by the contractual provisions to which they have given their assent. Among the provisions for which the parties may bargain are clauses that CT Page 11204 impose conditions upon contractual liability. "If the occurrence of a condition is required by the agreement of the parties, rather than as a matter of law, a rule of strict compliance traditionally applies."
Aetna Casualty Surety Co. V. Murphy, 206 Conn. 409, 412
(1988) (Citations omitted). However, as our Supreme Court went on to note "in appropriate circumstances, a contracting party, despite his own default, may be entitled to relief from the rigorous enforcement of contract provisions that would otherwise amount to a forfeiture." Aetna, supra, 206 Conn. At 414.
The plaintiff in this case claims that through no fault of his own, he did not receive timely notice of the tax increases from the city and that by the time he did he was insolvent and unable to fulfill the condition precedent of paying the tax increases prior to submitting the bill to the defendant. He further argues that the defendant is not prejudiced by the plaintiff's lack of performance.
Notwithstanding these assertions, the law states that in order for the plaintiff to prevail in this argument he must demonstrate that the event preventing and thereby excusing his performance: made the performance impracticable; that its nonoccurrence was a basic assumption on which the contract was made; that the resulting impracticability was through no fault of plaintiff; and that the party has not assumed a greater obligation than the law imposes. O'Hara v. State, 218 Conn. 628,637 (1991). The plaintiff has not met these requirements to excuse his performance.
While it is undisputed that the plaintiff was not at fault for the failure of the city of Hartford to notify the plaintiff for almost six years, this event was not the event making performance impracticable. The event that may have made the event impracticable is the insolvency of the plaintiff. The court cannot find as a matter of law that the insolvency of the plaintiff excuses his performance. First of all, he has not shown that the nonoccurrence of his insolvency was a basic assumption of the contract. Secondly, he has not shown that he bears no fault for his insolvency. See P.B. § 384; Dougherty v.Graham, 161 Conn. 248, 250 (1971)("The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicableprinciples of substantive law, entitle him judgment as a matterof law.")[2] Furthermore, in deciding this issue, the court CT Page 11205 considered the status of the parties. This was not a contract of adhesion, but, as is evident from the lease document itself, one the parties negotiated.
For the above reasons, the Plaintiff's Motion for Summary Judgment is denied and the Defendant's Motion for Summary Judgment is granted.
Alexandra Davis DiPentima, Judge