[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant operates the Alling Memorial Golf Course and charges an admission fee for those entering onto the course to play golf. The plaintiff paid the fee and was injured when he slipped and fell on a rocky area as he trudged from one hole to another.
The defendant's motion is based on § 52-557g, part of the Connecticut Recreational Land Use Act. That statute provides:
 (a) Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes. (Emphasis supplied.) Under the terms of Conn. Gen. Stat. § 52-547h, a landowner remains liable:
 (1) For willful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; (2) for injury suffered in any case where the owner of land charges the person to enter or go on the land for the recreational use thereof. . . . (Emphasis supplied.)
To establish immunity, the defendant must prove that the course is made available to the public for recreational use without charge, rent or fee. This fact is disputed.
Though the defendant admits it charges golfers a "greens fee", it argues this fee is only "for operation and maintenance". The parties have filed conflicting affidavits, and put in issue the question of whether the "greens fee" is a charge, rent or CT Page 12203 fee. Counsels' view seems to hinge on whether the defendant uses all the golfers' payments for operation and maintenance and whether other income the facility produces must be considered as part of the operation and maintenance.
In summary judgment, the movant has the burden to show the absence of any real issue as to material facts. Doughery v.Graham, 161 Conn. 248, 250 (1971).
It is obvious there is a serious dispute as to a material fact here. In ruling on a motion for summary judgment, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v.Borkowski, 206 Conn. 495, 500 (1988).
The motion for summary judgment is denied.
Anthony V. DeMayo State Trial Referee