[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Fred Markowich, worked for the plaintiff, a national pest control company, from July 10, 1990 to March 31, 1997. The plaintiff has brought this action to obtain an injunction preventing him and several other former employees, as well as the corporate defendant, from engaging in a competitive business and for damages from their having done so in the past. The action is based on restrictive covenants in the defendants' employment contracts with the plaintiff which preclude certain actions by Terminix employees both during their employment and for 18 months afterward.
Terminix has moved for summary judgment on counts one through four of its complaint. i.e., those relating to Mr. Markowich, claiming that there is no genuine issue of material fact whether he violated two of those covenants, and that Terminix is entitled to judgment as a matter of law.[1]
CT Page 1976 "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citations omitted.)Dougherty v. Graham, 161 Conn. 248, 250 (1971). The absence of a genuine issue of material fact is, thus, the sine qua non of summary judgment, and the plaintiff here has the heavy burden of establishing that no such issue exists.
As to counts two, three and four, there is nothing in the materials supporting Terminix's motion that bears on the allegations in those counts, and the motion is, therefore, denied as to them.[2] As to count one, Terminix alleges several ways in which it is claimed that Mr. Markowich violated the restrictive covenants in his employment agreement. The deposition excerpts submitted in support of its motion address two of those claims.
First, it is claimed that during his employment Mr. Markowich violated his covenant that he would not in any capacity "engage or participate in any business that is in competition in any manner whatsoever with the business of" Terminix. (Emphasis added.) It is clear from the deposition and, indeed, from the affidavit he submitted in opposition to the plaintiff's motion, that Mr. Markowich was engaged with others in plans to establish a competing pest control business in Connecticut while he still worked for Terminix. What is not clear is that that business, at any time while Mr. Markowich was working for Terminix, was actually competing with Terminix. My reading of the deposition excerpts indicates that it probably was not, and it is clear that Mr. Markowich, personally, was not competing with Terminix while still employed by it.
Such restrictive covenants as are at issue in this case are not favored because they are in restraint of trade. Hasty v.Rent-A-Driver, Inc., 671 S.W.2d 471, 472 (Tenn.[3] 1984). While they are not invalid per se and may be enforced, provided they are reasonable under the particular circumstances, "the modern trend is to construe covenants favorably to the employee." Id., citing Allright Auto Parks, Inc. v. Berry, 291 Tenn. 280, 290,409 S.W.2d 361, 365 (1966).
CT Page 1977 Construing the covenant favorably to Mr. Markowich, I find that for him to be in violation he would have had to be engaging in activities on behalf of a business that was actively competing with Terminix while he was still employed by it, i.e., a business that was actually providing pest control services not one that was getting ready to do so. The plaintiff has not met its burden in regard to this allegation.
Terminix also claims that Mr. Markowich violated a covenant not to compete with it, after he left its employ, "within a one hundred (100) mile area in any county . . . in which [he] was assigned" while he worked for Terminix. (Emphasis added.) Terminix interprets this covenant as though the word "in" was absent and as though it prohibited competition by Mr. Markowich within 100 miles or any county where he worked. See affidavit of the New England regional manager for Terminix, ¶ 26; plaintiff's memorandum in support of its motion for summary judgment, p. 19. But that is not what the covenant, which must be construed favorably to Mr. Markowich, says.
While Connecticut has not had county government for almost 40 years, the term still has legal significance. See, e.g., §9-182, C.G.S. More to the point, it obviously had significance for Terminix, as it used it in its employment contracts in Connecticut, and its New England regional manager continues to use it in describing its service areas. See affidavit, 122. In view of these factors it was certainly reasonable for Mr. Markowich to construe the covenant as permitting him to engage in pest control services in a county other than those where he worked for Terminix. There was no evidence in any of the supporting materials submitted by Terminix that demonstrated that Mr. Markowich has been competing with it in any of the counties where he worked while in its employ.
Even if Terminix's interpretation were to be employed, there is nothing in its supporting material, or even in Mr. Markowich's affidavit (where he says he is providing pest control services in "the County of Hartford"), that states at what specific locations Mr. Markowich is now working and whether they are within 100 miles of any of the locations where he worked for Terminix.[4]
Evidence might develop at trial that would support the claims of Terminix, but it has not met its burden on the motion for summary judgment to demonstrate that there is no genuine issue of material fact in this regard.[5]
CT Page 1978 Because Terminix has not met its burden as to any of the allegations in count one of its amended complaint, its motion for summary judgment is denied as to that count.
Shortall, J.