[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action for personal injuries arising out of a ski accident at a ski area operated by the defendant Ski Sundown, Inc. The relevant facts are not disputed. The plaintiff Joanna Civitello, who had never CT Page 6955 before gone down-hill skiing, went to Ski Sundown in January, 1995 for the purpose of taking a ski lesson. The defendant instructor Jeff Casavant placed three or four poles in the snow to be used as a visual cue to signal the students when to begin their turns as they were descending the slope. While performing this exercise, the plaintiff lost her balance and grabbed one of the poles for support. Unable to stop her fall, the plaintiff outstretched her wrist, falling and fracturing it.
In her deposition the plaintiff agreed that falling down and incurring an injury is a risk inherent in the sport of skiing. She acknowledged that a beginning student such as herself can become injured during a ski lesson. Plaintiff also stated that she did not know how the accident could have been avoided except by not taking the class. The defendant's representative admitted that beginning students are "consistently falling" and that the defendant instructor did not provide any explanation as to why the students were not using their poles and did not warn the plaintiff not to grab or reach for the poles to break a fall.
In her complaint, the plaintiff alleges that the defendants were negligent in that the instructor failed to instruct plaintiff how to fall, turn or stop and failed to warn the plaintiff against trying to grab the poles. In their motion for summary judgment the defendants make two claims. The first is that this action is barred by General Statutes §§ 29-211 and 29-212 which impose on skiers, with limited exceptions, "the risk and legal responsibility for any injury to his person . . . arising out of the hazards inherent in the sport of skiing." The second argument is that even if this action is not barred by § 29-11, the plaintiff has failed to disclose an expert qualified to present testimony substantiating plaintiff's claims concerning the quality of instruction provided by the defendant. In the absence of such an expert the defendants argue that there can be no basis for the jury finding the defendants negligent since evaluating the quality and adequacy of ski instruction is not within the province of the ordinary juror.
The standard for evaluating the defendants' motion for summary judgement is well established. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Rolling v. NewHaven, 206 Conn. 100 (1988); Dougherty v. Graham, 161 Conn. 248 (1971).
Defendants' first claim invokes General Statutes §§ 29-211 and 29-212
which set forth, generally, the responsibilities and obligations of ski operators. Section 29-212, as previously noted, imposes on skiers the "risk and legal responsibilities arising out of the sport of skiing." Ski operators are responsible only if "the injury was proximately caused by the negligent operation of the ski area by the ski operator, his agents CT Page 6956 or employees." "The evident purpose of § 29-212 is to limit the liability of ski resort operators." Rousseau v. Beckley, 1996 WL 813102 (Conn.Super.)
While it seems clear, as the plaintiff herself acknowledged in her deposition, that falling down is one of the risks inherent in the sport of skiing, it is not necessary to decide, under the facts of this case, whether § 29-212 acts as a bar to plaintiff's claim. Even if such claim is allowed to proceed, plaintiff cannot prevail in this matter because of her failure to identify an expert witness who can aid the jury in determining whether it was unreasonable, as the plaintiff asserts, for the defendants' failure to instruct her how to fall, stop or turn or to warn her not to grab a pole in an effort to break her fall.
"If the determination of the standard of care requires knowledge that is beyond the experience of an ordinary fact finder, expert testimony will be required." Santopietro v. New Haven, 239 Conn. 207, 226 (1996). "In such cases in which the fact finder's decision requires specialized knowledge, expert testimony is necessary to assist lay people, such as members of the jury and the presiding judge, to understand the applicable standard of care and to evaluate the defendant's actions in light of that standard." Id. at 227. In this case, the operative allegation of negligence is that the instructor failed to properly discharge his responsibilities to instruct the plaintiff as to certain skiing techniques and to warn her to refrain from grabbing the ski pole while falling. This claim necessarily implicates the nature and the scope of the defendants' duty to the plaintiff as her instructor and whether he acted reasonably in discharging that duty.
"While expert testimony is permitted in a great many instances, it isrequired only when the question involved goes beyond the field of ordinary knowledge and experience of judges and jurors." Ciarelli v.Romeo, 46 Conn. App. 277, 283 (1997) (emphasis in original). "Our courts have held that expert testimony is not required to prove the following: the effect of operating a gasoline station on traffic safety; that a criminal defendant is sane after he raises an insanity defense; that injuries sustained on the plaintiff's property were caused by the defendant's blasting; that the failure to erect a porch railing was negligent; and that certain materials are obscene as to minors." Id (citations omitted).
While these cases make clear that expert testimony is not required in every claim of negligence, such requirement can be avoided only when the subject matter and claim are within the ordinary knowledge and experience of jurors. While the dangers arising from gasoline stations and blasting, for example, are matters within the province of ordinary jurors, the same CT Page 6957 cannot be said for the nature and scope of a ski instructor's duty to his pupils. Whether novices should be permitted to ski without poles; whether poles ought to be used as slalom markers; whether the students should be warned not to grab such poles to regain balance; whether grabbing such poles is likely to lead to injury and the nature of instruction that should be provided concerning stopping and falling are simply not matters that are within the ordinary knowledge and experience of the average juror.
Plaintiff attempts to avoid this result by arguing that a landowner has a duty to warn an invitee of a known danger and that expert testimony is not required to establish that duty. Plaintiff's reliance on this line of cases is misplaced. Plaintiff's complaint, as drafted and fairly construed, alleges negligent instruction by defendant Casavant. The complaint does not allege that the plaintiff's fall was the result of a defect in the conditions of the slope or the failure of the defendant to properly warn the plaintiff of such conditions. While plaintiff's memorandum in opposition to the motion for summary judgment attempts to characterize the claim as one involving negligent failure to warn the plaintiff of a dangerous condition, that assertion is belied by the plain language of her complaint which alleges plainly and concisely that the defendant's negligence arises from his inadequate instruction. Indeed, plaintiff's complaint fails to make any reference to a dangerous condition.
Accordingly, because the plaintiff's complaint is one sounding in negligent instruction, and because the reasonable responsibilities of a ski instructor in connection with teaching novice students is not a matter within the ordinary knowledge and experience of jurors, plaintiff will require expert testimony at the time of trial to substantiate such claim. In the absence of such an expert, the defendants' motion for summary should and will be granted.
SO ORDERED.
HOLZBERG, J.