[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT NO. 168
By an eight count amended complaint dated November 16, 1993, the plaintiffs, Robert Conley and Mary Lou Conley, seek damages arising out of injuries Robert Conley allegedly sustained on December 6, 1992, when a handrail assembly designed to aid users descending into a whirlpool located within the men's health club area of the Regional YMCA of Western Connecticut allegedly gave way.
The first two counts are directed at the YMCA and sound in negligence and loss of consortium, respectively.
The third and fourth counts are directed against Stanmar, Inc. ("Stanmar"), in its capacity as general contractor and installer of whirlpools, and sound in negligence and loss of CT Page 3993 consortium, respectively.
The fifth and sixth counts are directed at Sinclair Construction ("Sinclair"), in its capacity as subcontractor for Stanmar, and sound in negligence and loss of consortium, respectively.
The remaining counts are directed against Branford Spas/Division of FME ("Branford"), in its capacity as supplier of whirlpool and handrail merchandise to the YMCA, and sound in negligence and loss of consortium, respectively.
On October 26, 1993, Stanmar filed a cross claim against Sinclair and Branford. The first count of that cross claim is directed at both Sinclair and Branford and seeks indemnification based upon allegations of active/passive negligence. The second count is directed at Sinclair only and alleges contractual indemnification.
On November 3, 1994, Branford filed an answer to the first count of Stanmar's cross claim. By way of special defense, Branford alleges that Stanmar's claim is barred by the operation of General Statutes, Sec. 52-577.
On December 19, 1994, Branford filed a motion for summary judgment on the first count of Stanmar's cross claim on the grounds that: (1) there is no genuine issue of material fact as to Branford's lack of negligence and lack of exclusive control over the situation, and (2) Stanmar's indemnification claim is barred by the operation of General Statutes, Sec. 52-577. Branford has filed a memorandum of law, along with the affidavit of Dale Brodeur, the owner of Branford, and other items of documentation in support of its motion. Stanmar has filed a memorandum of law in opposition to Branford's motion.
NEGLIGENCE
A motion for summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994). "A material fact is simply a fact which will make a difference in the result of the case." Genco v. Connecticut Light Power Co., 7 Conn. App. 164, 167, 508 A.2d 58 (1986). "[T]he CT Page 3994 burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion." State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250
(1988). "`To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of any material fact.'" Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984), quoting Dougherty v. Graham, 161 Conn. 248, 250,287 A.2d 382 (1971). "Issue finding, rather than issue determination, is the key to the procedure." Yanow v. Teal Industries, Inc.,178 Conn. 262, 269, 422 A.2d 311 (1979).
At the outset, it should be noted that nearly the entire supporting memorandum submitted by Branford is based upon references to deposition testimony. Additionally, both Branford and Stanmar have attached uncertified copies of excerpts of the deposition testimony of Arthur Bodwell, the Vice President of Stanmar, in support of their respective positions. However, "[u]ncertified copies of excerpts of deposition transcripts are not admissible as evidence and do not comply with the requirements of Practice Book 380." See Oberdick v. AllendaleMutual Insurance Company, 9 Conn. L. Rptr. 607, 608 (September 27, 1993, Celotto, J.). Therefore, the quoted excerpts of deposition testimony as set forth in Branford's supporting memorandum and also the attached excerpts of the deposition testimony of Bodwell cannot be considered by the court in evaluating this motion for summary judgment. The uncertified copy of a billing invoice addressed to Sinclair and attached to Branford's motion suffers from the same fatal flaw, and therefore cannot be considered by the court for purposes of this motion.
In its supporting memorandum, Branford maintains that Stanmar has failed to satisfy the first three elements of an indemnification claim based on active/passive negligence. Branford argues that Stanmar has failed to demonstrate that (1) Branford was negligent; (2) Branford's negligence rather than another's was the direct and immediate cause of injury; and (3) Branford had exclusive control over the situation.
In support of its motion, Branford has attached the affidavit of its owner, Dale Brodeur, who states, in part, as follows:
 On November 11, 1988, the defendant, Stanmar, Inc. submitted a purchase order to Branford Spas/Division of FME which included a handrail assembly. This order and assembly did not include CT Page 3995 nonstainless bolts or anchors that were used to install the handrail to a floor. This order was paid in December of 1988.
 Branford Spas/Division of FME had no continuing duty to inspect the handrail assembly, warn of any dangerous conditions with respect to the handrail assembly or to remedy any defect to the handrail assembly following November, 1988.
 Branford Spas/Division of FME never assumed any contractual duty to continually inspect and repair any defects with respect to the construction and installation of the handrail assembly following completion of the project by Sinclair on or about November 8, 1988.
(Affidavit dated December 7, 1994, pars. 4, 7, 8.)
Stanmar does not contest that portion of the Brodeur affidavit which reveals that Branford, while supplying the handrail, did not supply the bolts or anchors which allegedly caused the handrail to give way. However, Stanmar postulates that Branford is nonetheless negligent for breaching its duty to (1) supply specifications as to the type of bolts to be used in installing the handrail assembly at issue; and (2) supply the actual bolts to be used in securing the handrail at issue. Stanmar opines that whether Branford's negligence in failing to supply the proper specifications and/or bolts was the direct and immediate cause of Robert Conley's injuries are genuine issues of fact for the trier of fact.
Finally, Stanmar argues that in its capacity as general contractor, it did not have exclusive control over the project. Thus, Stanmar argues that the issue of exclusive control over the project also creates an issue of fact to be determined by the trier of fact.
Generally, in negligence actions, issues that address which party exercised control over the area where negligence allegedly occurred are questions of fact reserved for the trier of fact. See, e.g., Agranov v. Guilford, 8 CSCR 322 (February 16, 1993, Stanley, J.). This legal precept is consistent with the principal of law that states "`[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.'" Fogarty v. Rashaw, supra, 446. Therefore, Branford's motion is denied on this ground.
STATUTE OF LIMITATIONS CT Page 3996
Indemnification is "`a claim for reimbursement in full from one on whom primary liability is claimed to rest. . . .'"Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357
(1988). There is no single statute that establishes a uniform limitations period for all indemnity actions. Which statute of limitations applies depends upon the nature of the underlying action that gives rise to the indemnity claim (i.e., tort three years; contract six years). Casalini v. Four D's, Inc.,8 Conn. L. Rptr. 129, 130 (December 30, 1992, Lewis, J.). In its cross claim, Stanmar alleges indemnification based upon active/passive negligence. Thus, Stanmar's allegations sound in tort, which implicates the time limitation set forth in General Statutes, Sec. 52-577. That statute provides as follows: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."
In support of its motion, Branford argues that since the action accrued in November of 1988, and the cross claim was not initiated until 1993, the cross claim is time barred due to the operation of section 52-577, and its motion for summary judgment should be granted.
Stanmar counters that pursuant to Public Act 93-370, it has three years from the date of judgment or settlement against it in which to bring its indemnification claim. Stanmar contends that since neither a judgment nor a settlement has occurred in this action, Branford's motion is without merit and should be denied. Public Act 93-370 provides:
 Notwithstanding any provision of chapter 926 of the general statutes, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement.
"The purpose of this provision is to prevent the statute of limitations from barring an indemnification action against a third-party defendant before such an action even accrues."Torrington Country Club v. Ply Gem, 12 Conn. L. Rptr. 680, 681 (December 6, 1994, Dranginis, J.).
In the present case, no determination has been made with respect to Stanmar, the party seeking indemnification from Branford. Therefore, Stanmar may avail itself of the operation of CT Page 3997 Public Act 93-370, and Branford's motion for summary judgment on this ground is denied. See, e.g., Shuhl v. New Haven FoodTerminal, Inc., 11 Conn. L. Rptr. 416 (April 26, 1994, Hartmere, J.).
Stodolink, J.