[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT NO. 152
On December 26, 1991, the plaintiff, Dorothy Halloway, filed a complaint seeking damages arising out of injuries she allegedly sustained when she slipped and fell while traversing an ice and snow covered "drive/walkway."
The plaintiff alleges that on December 21, 1989, she was a customer of Arlene Nejam ("Nejam"), who operated an electrolysis business located at 99 Osborne Street, Danbury, Connecticut. According to the plaintiff, she was walking along a "drive/walkway" that connects to Osborne Street when she slipped and fell on cobblestones that were snow and ice covered, causing the injuries of which she complains. The plaintiff alleges that Nejam, Robert Oravetz, Arlene Oravetz, Angelina Placella and Randy Welp ("defendants") "were all partial owners of the drive/walkway which connects to Osborne Street" and that those defendants were "in part responsible for the maintenance and control" of the area where her fall occurred. Based upon the foregoing, the plaintiff alleges negligence against the defendants in that the defendants, inter alia, created and maintained a hazardous condition; failed to inspect the area and warn the plaintiff of the dangerous and hazardous condition of CT Page 3660 the drive/walkway; failed to provide a railing along the drive/walkway; and failed to remedy the dangerous and hazardous condition of the drive/walkway.
On February 4, 1992, defendant, Randy Welp, filed an answer. By way of two special defenses, Welp alleges that (1) all damages claimed by the plaintiff were the result of her own negligence, and (2) based upon the allegations as set forth in the first special defense, "[t]he plaintiff was more than 50 percent at fault for her injuries and is, therefore, barred from recovery" and "[i]n the alternative, if the plaintiff was less than 50 percent at fault for her injuries, then this defendant demands apportionment under C.G.S. Sec. 52-572h."
On June 20, 1994, Welp filed a motion for summary judgment on the grounds that he did not owe the plaintiff any duty of care because (1) he was not in possession and control of the premises and did not have any independent obligation to clear the driveway of ice and snow, and (2) the plaintiff was neither an invitee nor licensee of his and that even if she were, he had no actual knowledge or constructive notice of her presence at the area where her alleged fall occurred. In addition to filing a memorandum of law and his own affidavit, Welp has filed answers to interrogatories, answers to requests for disclosure and production served on Robert Oravetz and Arlene Oravetz, and excerpts from deposition transcripts in further support of his motion. The plaintiff has filed a memorandum of law in opposition to Welp's motion. Thereafter, Welp filed a reply memorandum.
A motion for summary judgment shall be granted "`if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994). "A material fact is simply a fact which will make a difference in the result of the case." Genco v. Connecticut Light Power Co., 7 Conn. App. 164, 167, 508 A.2d 58 (1986). "[T]he burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion." State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250
(1988). "`To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of any material fact.'" Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984), quoting Dougherty v. Graham, 161 Conn. 248, 250, CT Page 3661287 A.2d 382 (1971). "Issue finding, rather than issue determination, is the key to the procedure." Yanow v. Teal Industries, Inc.,178 Conn. 262, 269, 422 A.2d 311 (1979).
In his supporting memorandum, Welp states that the common driveway known as Bingham Lane is owned in common by the defendants and serves four residential buildings located off Osborne Street, each building being owned by each defendant. Welp admits for purposes of this motion that he enjoyed common ownership of Bingham Lane in conjunction with the other defendant owners of Osborne Street properties, but states that at the time of the plaintiff's fall, Robert Oravitz was responsible for the removal of snow and ice as well as for the sanding and salting of Bingham Lane. Welp argues that despite being part owner of Bingham Lane, he did not reside at that location and had only purchased the property to be used as rental property. Welp maintains that his property was rented to tenants at the time of the plaintiff's fall. Welp argues that "[o]wnership without possession does not translate into a duty to keep premises safe for unknown strangers." Based on the foregoing, Welp postulates that he owed no duty to the plaintiff because he was not in possession or control of the driveway on the date in question nor did he have any independent "obligation" to clear the snow and ice from the driveway upon which the plaintiff fell.
The plaintiff counters in her opposition memorandum that Welp's claim of no possession or control of the driveway in question falls under the weight of Welp's own exhibits, for those exhibits, specifically deposition testimony, reveal an issue of fact with regard to who had actual control over Bingham Lane for purposes of maintaining that particular way.
At the outset, it should be noted that the defendant's "statement of undisputed facts" as contained in his supporting memorandum is replete with references to deposition testimony. Furthermore, the defendant has attached the deposition testimony of Robert Oravitz and the plaintiff in further support of his motion. Since both parties are attempting to use deposition testimony to determine whether a legal duty exists, the court cannot consider that deposition testimony in deciding this motion for summary judgment. Oberdick v. Allendale Mutual Insurance,9 Conn. L. Rptr. 607, 609 (September 27, 1993, Celotto, J.). A copy of the plaintiff's interrogatories and requests for production submitted by Welp is also unsworn to or uncertified and, therefore, cannot be considered by the court for purposes of this CT Page 3662 motion.
The court will consider the affidavit of Welp in support of his motion, which states, in part, that "[s]ince purchasing my property in 1988, I have never cleared snow and ice from the common driveway; that job was always done by the resident co-owners." (Affidavit dated June 11, 1992, paragraph 8.) However, not only has Welp candidly admitted in his affidavit that he is also a co-owner of the property along with the other defendants to this action, but he has failed to proffer any evidence corroborating his bare assertion that the property is purely rental property occupied by tenants. The movant in this case has provided the court with insufficient documentation in support of his motion. Moreover, issues that address which party exercised control over an area where negligence allegedly occurred are questions of fact reserved for the trier of fact. See, e.g.,Agranov v. Guilford, 8 CSCR 322 (February 16, 1993, Stanley, J.). This legal precept is consistent with the principle of law that states "`[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, supra, 446.
Therefore, Welp's motion is denied on this ground, and the court need not address the other ground set forth in Welp's motion.
Stodolink, J.