[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
On February 24, 1994, the plaintiff, Salvatore Giugno, filed a complaint seeking damages arising out of an automobile accident.
The plaintiff alleges that on October 21, 1992, the car that he was operating was struck from behind by a car operated by Marie M. Silencieux (Silencieux). The plaintiff has recovered the full amount of Silencieux's liability insurance in force at the time of the accident ($20,000.00). As the plaintiff claims that the $20,000.00 recovery is not adequate to fully compensate him for his injuries and losses, recovery is now sought against the underinsured coverage on his own policy of insurance and against the defendant here, Allstate Insurance Company.
On June 2, 1994, the defendant filed an answer. By way of three special defenses, the defendant alleges a setoff, a reduction in any damage award and a claim that any benefits due and owing to the plaintiff should not exceed the coverage amount provided for by the contract.
On December 22, 1994, the plaintiff filed a motion for summary judgment as to liability only. In support of his motion, the plaintiff has filed a memorandum of law along with his own affidavit, the affidavit of an alleged witness, Beverly M. Greco, and a copy of a police report. The defendant has filed a memorandum of law in opposition to the plaintiff's motion. In further support of its objection, the defendant has filed a copy of the plaintiff's affidavit, along with purported copies of a portion of the insurance policy and a police report.
A motion for summary judgment shall be granted "`if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Barrettv. Danbury Hospital, 232 Conn. 242, 250, ___ A.2d ___ (1995). A material fact is simply a fact which will make a difference in the result of the case. Genco v. Connecticut Light and Power Co.,7 Conn. App. 164, 167, 508 A.2d 58 (1986). The burden of proof is on the moving party. State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250
(1988). "To satisfy his burden, the movant must make a showing that CT Page 5084 it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact."Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1989), quotingDougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382 (1971). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.Barrett v. Danbury Hospital, supra. Issue finding, rather than issue determination, is the key to the procedure. Yanow v. TealIndustries, Inc., 178 Conn. 262, 269, 422 A.2d 311 (1979).
In his supporting memorandum, the plaintiff initially maintains that Silencieux's insurance carrier, Liberty Mutual, has "admitted liability [on] behalf of their insured." Additionally, the plaintiff argues that the affidavits and the police report filed in support of his motion indicate Silencieux's liability. Finally, the plaintiff contends that the defendant has never contested liability in this matter.
The defendant counters in its opposition memorandum that before the plaintiff can recover additional damages pursuant to the insurance contract, he must prove (1) that Silencieux was underinsured; (2) who was at fault for the accident, and; (3) whether he is entitled to recover underinsured motorist benefits from the defendant carrier. The defendant argues that the plaintiff has failed to carry its burden with respect to the above issues and that granting the plaintiff's motion without first evaluating fault between the plaintiff and Silencieux would be both inappropriate and prejudicial to the defendant's position.
At the outset, it should be noted that neither the copy of the police report submitted by each party, nor the copy of the purported insurance contract provision submitted by the defendant in opposition to the plaintiff's motion, have been sworn to or certified in contravention of Practice Book section 380. Therefore, these documents cannot be considered by the court for purposes of this motion.
Although an automobile accident is at the root of this litigation, a suit against an insurer for uninsured motorist benefits is a claim against an insurance policy and therefore a contract action to be governed by the terms of the policy. The policy in questions provides as follows:
II. Part V, Uninsured Motorists Insurance. . . .: CT Page 5085
 "We will pay those damages which an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury sustained by an insured person. . . ."
In this case, the defendant's liability does not come into being until it is determined by the trier that the insured's damages exceed the amount recovered from the third party tort feasor.
Thus, it can be seen that the issues of liability and damages are inseparable in a claim for uninsured or underinsured benefits such as in the instant case.
Until such time as the plaintiff proves that the third party was not only at fault but also "underinsured", liability does not attach to the defendant.
Therefore, plaintiff's Motion for Summary Judgment as to liability only is denied.
Skolnick, J.