[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Richard and Laura Vogl, have commenced this action against the defendant, ITT Residential Capital Corporation (ITT Residential) for its alleged failure to execute and deliver a release of mortgage to the plaintiffs with in the time prescribed by General Statutes § 48-8. The plaintiffs' amended complaint is in four counts. The first and second counts allege that the plaintiffs purchased property, located at 19 Rodia Ridge Road in Shelton, CT, from Joseph and Carol Bonassar. The plaintiffs further allege that the Bonassars had given a mortgage in favor of Community Federal Savings and Loan. Such mortgage was later assigned to Kidder Peabody Mortgage Capital Corporation and then to ITT Bowest Corporation. ITT Residential subsequently became successor in interest to ITT Bowest Corporation. The plaintiffs contend that on August 13, 1993, they closed on the purchase of the subject property and issued payoff funds to ITT Residential in the amount of $141,666.97 along with a letter requesting it to deliver release of mortgage to plaintiffs' attorney. No release of mortgage was delivered to the plaintiffs until May 4, 1994. Plaintiffs now seek recovery of damages under General Statutes § 48-8
for ITT Residential's failure to issue a release of mortgage within 30 days of the plaintiffs' letter of request.
On December 13, 1994, the plaintiffs filed a motion for partial summary judgment claiming that there is no genuine issue for trial as it relates to counts one and two. In support of its motion, the plaintiffs have submitted the following documents: 1) CT Page 7159 affidavit of Richard Vogl; 2) affidavit of Laura Vogl; 3) affidavit of Debbie Heenan, 4) certified copy of warranty deed; 5) certified copy of summons and complaint for ITT Residential Corp. v. Gee; and 6) contract of sale. Plaintiffs have submitted additional supporting documents, however such documentation should not be considered for the purposes of this motion as they were neither sworn to or certified by any individual.
On February 8, 1995, ITT Residential filed an objection to the plaintiffs' motion for partial summary judgment. Both parties have filed supporting memoranda of law.
Practice Book § 384, provides that "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Water WayProperties v. Colt's Mfg. Co., 230 Conn. 660, 664, A.2d (1994).
"A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990).
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993).
"It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water Way Properties v. Colt's Mfg.Co., 230 Conn. 660, 665, A.2d (1994). "To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1989), quoting Dougherty v. Graham, 161 Conn. 248,250, 287 A.2d 382 (1971).
"When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] § 380, must set forth CT Page 7160 specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 12, 459 A.2d 115 (1983).
"[S]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Internal quotations omitted.) Brookfield v. Candlewood ShoresEstates, Inc., 201 Conn. 1, 9, 513 A.2d 1218 (1986).
The plaintiffs have moved for summary judgment on the ground that there is no genuine issue of any material fact in this case. They claim that ITT Residential failed to issue a release of mortgage within 30 days of the date that the mortgage obligation was satisfied; therefore they argue that they are entitled to damages at the rate of two hundred dollars per week for each week commencing after August 13, 1993.
ITT Residential opposes the motion for partial summary judgment. It argues that summary judgment is not appropriate because there is a genuine dispute as to whether the plaintiffs are aggrieved persons within the meaning of § 49-8. Specifically, the defendant contends that the plaintiffs have not suffered actual damages; therefore, it argues, there exists a question of fact as to whether the plaintiffs are entitled to damages under the statute.
General Statutes § 49-8(c) provides "[i]f the mortgagee or plaintiff or his attorney, as the case may be, fails to execute and deliver a release after thirty days from the date of a written request for a release of such encumbrance sent to him at his last-known address by registered mail or by certified mail, postage prepaid, return receipt requested . . . the mortgagee or plaintiff shall be liable for damages to any person aggrieved at the rate of two hundred dollars for each week after the expiration of such thirty days or in an amount equal to the loss sustained by such aggrieved person as a result of such failure to execute and deliver a release, whichever is greater."
In the pleadings, the plaintiffs concede that they suffered no actual damages. However, § 49-8 provides for damages at the rate of $200.00 per week notwithstanding the lack of actual damages. The plaintiffs have submitted an affidavit from Debbie Heenan, CT Page 7161 counsel's secretary, stating that the mortgage payoff was mailed via Federal Express along with a letter requesting a release of mortgage, on August 13, 1993. The plaintiffs have also submitted affidavits stating that the release was not issued within the statutory 30 day period. The plaintiffs have met the requirements of § 49-8. ITT Residential has failed to recite sufficient facts or offer evidence to rebut the plaintiffs' contention that the requirements of § 49-8 have been met. The plaintiffs have demonstrated that there was a mortgage, such mortgage obligation was satisfied on August 13, 1993, a written request to issue a release was mailed via Federal Express on August 13, 1993 and ITT Residential failed to issue a release within 30 days of that date. The plaintiffs have met their burden and are entitled to damages under General Statutes § 49-8. As such, the plaintiffs' motion for partial summary judgment as to counts one and two is granted.
The Court
By Curran, J.