[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Federal National Mortgage Association (FNMA), has commenced this one count foreclosure action against the defendants Nathan Wang and the Mar-Gray Co. The defendant, Mar-Gray Co. was previously defaulted. In its complaint, FNMA alleges that the defendant, Nathan Wang, failed to pay amounts due under a promissory note that was given in favor of Bear, Sterns Funding, Inc. on September 3, 1985. FNMA further alleges that the defendant mortgaged certain real property known as 17-28 Simon Place and 23 Simon Place, West Haven, Connecticut, to secure the note. The note is further secured by a conditional assignment of leases and a UCC financing statement from Nathan Wang to Bear, Sterns Funding, Inc. Such note was subsequently endorsed to FNMA by Bear, Sterns Funding, Inc., along with an assignment of the mortgage, an assignment of conditional assignment of leases, and assignment of the financing statement. FNMA now seeks to foreclose the mortgage that secures the defendant's promissory note.
On June 10, 1994, the defendants filed an answer to the special defenses alleging bad faith and negligence. On September CT Page 8955 8, 1994, the plaintiff filed a motion to strike the defendants' special defenses on the ground of legal insufficiency. Such motion to strike was granted by the court on January 23, 1994. FNMA now moves for summary judgment arguing that there is no genuine issue for trial in this case. In support of its motion, FNMA has submitted the following: 1) affidavit of Arnold W. Ifill, III; 2) promissory note dated September 3, 1985 given by the defendant Nathan Wang in favor of Bear Sterns Funding, Inc, and; 3) copy of the mortgage agreement between Nathan Wang and FNMA.
The defendant has offered the affidavit of Nathan Wang which puts none of the allegations of the complaint at issue. No other documentary proof has been submitted.
Practice Book § 384, provides that "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.)Water Way Properties v. Colt's Mfg. Co., 230 Conn. 660, 664, A.2d (1994).
"A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990).
"To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1989), quoting Dougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382
(1971).
"When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant."Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12,459 A.2d 115 (1983).
In the instant action, the court finds there to be no genuine CT Page 8956 issues of fact to be determined at trial. The answer, devoid of special defenses, simply leaves plaintiff to its proof. The documentary evidence together with the affidavit of plaintiff's Assistant Regional Vice President, Arnold W. Ifill, III, clearly support the allegations of the complaint. Any equitable consideration relative to law date or sales date designed to accommodate a possible redemption or equity protection should be raised by the defendant at the appropriate time.
Plaintiff's motion for summary judgment is granted. Plaintiff is directed to file the appropriate foreclosure motion together with affidavit of debt and supporting documentation for argument and further consideration of the court at the foreclosure calendar.
Comerford, J.