[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, FGB Realty Advisors, Inc. (FGB), has commenced this one count foreclosure action against the defendants, TCT Development (TCT), Michael J. Boyd and James J. Severson. In its complaint, FGB alleges that the defendants were indebted to The Merchant's Bank and Trust Company in the amount of $600,000.00. It further alleges that such debt is evidenced by a promissory note given by the defendants in the bank's favor.
On March 18, 1994, the defendants filed their answer. Additionally, TCT filed two special defenses and a counterclaim. FGB now moves for summary judgment. FGB has filed two separate motions for summary judgment.[1] The first motion, dated January CT Page 8934 10, 1995, moves for summary judgment against the defendant TCT. The second motion, dated January 111 [11], 1995, is against the defendant, TCT, as well. FGB has filed a memorandum of law in support of a motion for summary judgment against the defendants Boyd and Severson. However, as previously noted, the plaintiff has failed to file the actual motion for summary judgment against defendants Boyd and Severson. In support of its motion as to TCT, FGB has submitted 1) the affidavit of Anita Guinn; and 2) various memoranda of law.
The defendants oppose such motion and have submitted 1) the affidavit of Michael J. Boyd; and 2) various memoranda of law in support thereof.
Practice Book § 384 provides that "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Water MayProperties v. Colt's Mfg. Co., 230 Conn. 660, 664, A.2d (1994).
"A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990).
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993).
"It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water May Properties v.Colt's Mfg. Co., supra, 230 Conn. 665, A.2d (1994). "`To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.'" Fogarty v.Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1989), quoting Doughertyv. Graham, 161 Conn. 248, 250, 287 A.2d 382 (1971).
"When a motion for summary judgment is supported by affidavits CT Page 8935 and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. Waterbury House WreckingCo., 190 Conn. 8, 12, 459 A.2d 115 (1983).
"[S]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (Internal quotations omitted.) Brookfield v. Candlewood Shores Estates,Inc., 201 Conn. 1, 9, 513 A.2d 1218 (1986).
The plaintiff has moved for summary judgment against the defendant TCT on the ground that there is no genuine issue of any material fact in this case. FGB claims that TCT has either admitted the material allegations of the complaint or has left the plaintiff to its proof. FGB further avers that the affidavit it has submitted from Anita Guinn proves the allegations that were not admitted by TCT; therefore, it argues, summary judgment should be rendered in its favor.
TCT opposes such motion for summary judgment. It denies having admitted material allegations contained in the plaintiff's complaint, and argues that there are material issues of fact in dispute. Therefore, it maintains that summary judgment is not appropriate in this case.
The defendant has demonstrated that there are genuine issues of fact in dispute. The plaintiff has submitted an affidavit from Anita Guinn, Litigation Officer for FGB Realty Advisors, Inc. Such affidavit indicates that on March 29, 1988, the defendants owed The Merchant's Bank and Trust Company $600,000. It further indicates that the note is presently owned by FGB and there remains an unpaid balance of $218,298.27.
TCT disputes the affidavit of Anita Guinn. In opposition to the motion for summary judgment, TCT has submitted the affidavit of Michael J. Boyd, duly authorized officer of TCT. Such affidavit denies that on March 29, 1988 TCT was indebted to The Merchant's Bank and Trust Company in the amount of $600,000. The affidavit further disputes the accuracy of the rate of interest calculated by the plaintiff. CT Page 8936
There are genuine issues of fact in this case that cannot be resolved on a summary judgment motion. "In ruling on a motion for summary judgment, the court's function is not to decide the issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500 (1988). Since TCT has demonstrated that genuine issues of fact exist as to the amount of the debt, as to the rate of interest charged, as well as to compliance with the notice requirements as set forth in the agreement, the plaintiff's motion for summary judgment is denied.
The plaintiff has further attempted to move for summary judgment against the defendants Boyd and Severson by submitting a memorandum of law dated January 11, 1995. However, no actual motion was filed along with this memorandum.
Practice Book § 196 states that "[e]very motion, . . . directed to pleading or procedure, . . . shall be in writing and shall, . . . have annexed to it a proper order. . . ." Section 197 defines a motion as "any application to the court for an order, which application is to be acted upon by the court or any judge thereof." In Hallenbeck v. St. Mark the Evangelist Corporation, 29 Conn. App. 616,618 A.2d 1170 (1992), the court further expounded on the requirements necessary to elicit a ruling from the court. "The word motion implies that a court must take a form of action." Id., 625. Hallenbeck involved a dispute as to whether the intervening plaintiff could properly intervene without first requesting the permission of the court by filing a motion to intervene. The court emphasized that "[t]here are many examples in the Practice Book of pleadings and filings that do not require court assistance or permission. These pleadings and filings do not require a motion to the court . . . unless a party requests the court to adjudicate whether a claimed defect in the pleading or filing exists or whether an objection to the pleading or request is valid, there is no need for court action." Id., 626.
A motion for summary judgment is a request for the court to take action. Therefore, it is necessary for a movant to file a motion directed to the court in order for the court to take action. In the instant case, the plaintiff has failed to comply with the procedures outlined in the Practice Book. Although FGB purports to have submitted a memorandum in support of its motion for summary judgment, it has not filed the actual motion for summary judgment. As such, there is no motion before the court upon which it may rule. Therefore, the court may not properly render an order as it relates to the defendants Severson and Boyd. CT Page 8937
The motion for summary judgment is denied.
The Court
Curran, J.